### BLAUSTEIN v. LYONS.

(Supreme Court, Appellate Term. December 22, 1911.)

1. JUDGMENT (§ 169*)—DEFAULT—CONDITIONAL ORDERS—APPEAL.
   An order opening a default on condition of the payment of costs is not operative until the costs are paid; and, when the costs are not paid, the subsequent entry of an order denying the motion carries into effect the original order, and the remedy of defendant is by appeal from the order, and not by subsequent motions to open the default.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 169.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—JURISDICTION.
   Where a justice of the Municipal Court opened a default on payment of costs, which were not paid, another justice, after the entry of the order denying the motion to open the default, was without jurisdiction to enter order to show cause why the default should not be opened and deny motion to open the default.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Flora Blaustein against Henry F. Lyons. From an order denying a motion to open a default, defendant appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Walter L. Durack, Jr., for appellant.
Isadore Apfel, for respondent.

GIEGERICH, J. The defendant appeals from an order of the Municipal Court denying a motion to open his default. The proceedings leading up to the denial of the motion are as follows:

The action was commenced by personal service of the summons on the 28th day of July, 1911, and was returnable on August 9, 1911. On the return day issue was joined, and the cause adjourned until September 5, 1911. On that day the defendant did not appear, and the case was again adjourned until September 13, 1911. Subsequently the defendant moved to open his default, which was granted upon payment of $5 costs, and upon payment of said costs the case was to be restored for trial for October 6, 1911; otherwise, the motion to open the default was denied. The costs not having been paid, an order was entered on October 10, 1911, denying defendant's motion. Thereafter the defendant procured from another justice an order to show cause, returnable on October 13, 1911, why his default should not be opened, and his motion was again denied. Thereupon the defendant procured a third order to show cause why his default should not be opened, and his motion was a third time denied. From the last order, dated October 19, 1911, this appeal is taken.

[1, 2] There is no authority for such practice. The first order opening the defendant's default was conditioned upon the payment of costs within a specified time, and in such a case the order never becomes operative until the costs are paid. Koransky v. Greenberg, 136 App. Div. 644, 121 N. Y. Supp. 358. And the subsequent entry of the order of October 10th, denying the motion, was merely carrying into effect the original order, which opened the default upon terms. An appeal would lie from this order, and, if aggrieved thereby, the defendant's only remedy was by appeal therefrom, and there was no authority for the making of the successive motions thereafter, nor jurisdiction in the court to make the orders of October 13 and October 19, 1911. Steinman v. Blumenfeld, 61 Misc. Rep. 220, 113 N. Y. Supp. 550; Colwell v. N. Y., N. H. & H. R. Co., 57 Misc. Rep. 623, 108 N. Y. Supp. 540.

"Motions of the kind required to be made upon motion, once denied by a judge, cannot be renewed, unless (a) with leave of the same judge who denied it, or (b) if made upon presentation of new facts, which have occurred since the denial of the previous motion." Goldenberg v. Adler, 123 N. Y. Supp. 387, 389.

Order affirmed, with costs. All concur.