## HEISCHOBER v. POLISHOOK.

(Supreme Court, Appellate Division, Second Department. July 25, 1912.)

1. MOTIONS (§ 4*)—DENIAL—SUCCESSIVE MOTIONS.

Where one justice of the Supreme Court has already denied a motion to vacate a default judgment, it is improper for another justice to grant it.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 3; Dec. Dig. § 4.*]

2. JUDGMMENT (§ 145*)—VACATION—DEFAULTS—GROUNDS.

Where defendant's motion to vacate his first default was granted on condition that he pay the costs within a stipulated time, and defendant failed to pay such costs and made default, his second default should not be vacated, unless a good excuse and a meritorious defense be shown.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. § 145.*]

Appeal from Special Term, Kings County.

Action by Harry Heischober, an infant, by Louis Heischober, his guardian ad litem, against Khiva Polishook. From an order granting defendant's motion to vacate and set aside a default judgment, plaintiff appeals. Order reversed.

The action is to recover for an alleged false and malicious arrest and imprisonment of the plaintiff, and was on the March, 1911, calendar of the Kings county Trial Term. It was marked ready on the call of the calendar on the first day, but, when reached in its regular order, the defendant did not appear, his default was noted, and the case marked for inquest. The defendant thereupon moved at Special Term, and obtained an order opening his default and restoring the case to the calendar upon condition that he pay $20 costs within five days, and, in the event of defendant's failure to make such payment, the motion was denied with $10 costs. More than 10 months after this order, payment not having been made, an inquest was taken, and judgment entered on February 12th following, whereupon defendant obtained an order opening his default and restoring the case to the calendar for trial. The affidavit upon which the second order was obtained does not disclose the application for the first order and defendant's failure to comply with its requirements; upon the contrary, it states "that no previous application for the proposed order has been made to any court or judge."

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Henry D. Levy, of Brooklyn, for appellant.
Leo Lerner, of New York City, for respondent.

RICH, J. [1] The record shows that a similar motion for the same relief had been previously denied at a Special Term held by another justice. The practice cannot be sanctioned (Sloan v. Beard, 125 App. Div. 625, 110 N. Y. Supp. 1; Blaustein v. Lyons, 74 Misc. Rep. 452, 132 N. Y. Supp. 315; Platt v. N. Y. & Sea Beach Railway Co., 170 N. Y. 451, 63 N. E. 532; Silver & Co. v. Waterman, 127 App. Div. 339, 111 N. Y. Supp. 546), and the order must be reversed for this reason.

[2] In addition to this, the moving papers are fatally defective. They show no excuse for the defendant's default, or neglect and fail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ure to comply with the requirements of the first order. Defendant admits that he received several letters from his attorney referring to this action, requesting him to come to his office, to which he paid no attention. No facts are alleged showing any defense, or from which the inference of a meritorious defense can be presumed. It has been repeatedly held that a litigant applying to a court for an order opening his default must show as a condition precedent to the granting of the relief facts establishing a meritorious defense, and an affidavit of merits is not sufficient.

The order must be reversed, with $10 costs and disbursements, and defendant's motion denied, with costs.

BURR, THOMAS, and WOODWARD, JJ., concur. JENKS, P. J., not voting.