## ROTHSCHILD v. HAVILAND.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

JUDGMENT ⬅160—DEFAULT JUDGMENT—VACATION—AFFIDAVIT OF MERITS.

A defendant, applying to a court for an order opening his default, must show as a condition precedent to the granting of such relief facts establishing a meritorious defense; and an affidavit of merits alone, without stating any facts showing the merits and the good faith of the defense, as required by rule 23 of the General Rules of Practice, was insufficient.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 314–316; Dec. Dig. ⬅160.]

Appeal from Special Term, New York County.

Action by Estley Rothschild, an infant, etc., against Clayton A. Haviland. From an order granting defendant's motion to open his default and to allow him to serve an answer, plaintiff appeals. Reversed, and motion denied, without prejudice to a renewal on proper papers and on payment of costs.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SMITH, and PAGE, JJ.

Henry C. Neuwirth, of New York City, for appellant.
William H. Smith, Jr., of White Plains, for respondent.

PAGE, J. The affidavit of the defendant upon which the motion is based contains a formal affidavit of merits, but does not state any facts showing merits and the good faith of the defense as required by rule 23 of the General Rules of Practice. It has been repeatedly held that a defendant, applying to a court for an order opening his default, must show as a condition precedent to granting of the relief facts establishing a meritorious defense, and an affidavit of merits alone is not sufficient. Heischober v. Polishook, 152 App. Div. 193, 195, 136 N. Y. Supp. 567; Clews v. Peper, 112 App. Div. 430, 98 N. Y. Supp. 404.

The favor of the court should be extended upon proper terms when the litigant, who has a meritorious cause of action or defense, has through inadvertence or neglect lost his right to have his day in court. The favor should be withheld when it is not shown that there is a meritorious controversy, for the courts should not be burdened with unfounded claims to relief, nor should a just cause be delayed by the interposition of an unwarranted defense. Insistence on the observance of the rule makes for the orderly administration of justice, and is not the enforcement of a mere technical rule of practice.

The order is reversed, with $10 costs and disbursements, the motion denied, with $10 costs, without prejudice to a renewal of the motion upon proper papers and on payment of costs. All concur.