Wanaksink Lake Development Corporation, Appellant,
*v.* John Hannan, Respondent.

Third Department, July 7, 1921.

Pleadings — bill of particulars — action to restrain trespassing on
lake — defense founded on adverse possession and riparian rights
— defendant not entitled to bill of particulars showing location
of plaintiff's land with respect to defendant's land or number of
acres covered by water and location with respect to boundaries
or number of parcels in plaintiff's land — affidavit of merits
insufficient — General Rules of Practice, rule 23, applied.

In an action for a permanent injunction to restrain the defendant from
trespassing upon the waters of a lake that the plaintiff claims to own in
which the defense interposed includes adverse possession and prescriptive
rights, as well as those of a riparian owner, the defendant is not entitled
to a bill of particulars showing " the location of the said lands with respect
to the lands of the defendant, roads and highways," where the complaint
itself gives a description in detail of the various parcels of land belonging
to the plaintiff.

Nor should the plaintiff be ordered to give a bill of particulars as to the
" number of acres covered by water by virtue of the description set
forth " in the complaint " and the location thereof with respect to the
boundaries of the said lands," since to prove its cause of action it must
show the ownership of the premises and the rights described and that
the defendant is a trespasser upon those rights, and if the proof does
not show that the waters of the lake are in the ownership and control of
the plaintiff, then the cause of action fails.

And the defendant is not entitled to a bill of particulars as to whether or
not the premises of the plaintiff consist of one or more than one parcel,
and whether, if separate parcels, they comprise one parcel by reason of
their lying contiguous to one another.

Furthermore, the affidavit of the defendant upon which the application
for a bill of particulars is made does not state any facts showing merits
and the good faith of the defense as required by rule 23 of the General
Rules of Practice; a mere formal affidavit of merits is not sufficient com-
pliance with that rule.

Appeal by the plaintiff, Wanaksink Lake Development
Corporation, from an order of the Supreme Court, made at
the Ulster Special Term and entered in the office of the clerk
of the county of Sullivan on the 13th day of April, 1921,
directing the plaintiff to serve a verified bill of particulars.

*Watts, Oakes & Bright* [*John Bright* of counsel], for the appellant.

*Henry Hirschberg* [*John D. Lyons* of counsel], for the respondent.

WOODWARD, J.:

The complaint in this action alleges ownership in the plaintiff of certain premises described in detail from the 28th day of October, 1918; that the plaintiff is now in possession of the lands, premises, water and lands under water and rights and easements conveyed under a certain deed of the above-mentioned date; that at divers times since the said 28th day of October, 1918, and continuously during the balance of the year 1918, and the years 1919 and 1920, prior to the commencement of this action, while the plaintiff was the owner and in possession of the premises, rights and easements aforesaid, said defendant and his agents and servants, without any leave or authority of the plaintiff whatsoever, unlawfully and wrongfully has entered upon the aforesaid premises of the plaintiff and has maintained and has had a large number of boats upon the waters aforesaid, etc. The complaint then alleges that the defendant and those acting under him threaten to continue the trespass upon its premises, and ask for a permanent injunction restraining such acts.

The answer denies the material allegations of the complaint and sets up several alleged defenses, including adverse possession and prescriptive rights, as well as those of a riparian owner.

After the case was declared ready for trial by the defendant, and subsequent to a postponement at the suggestion of the plaintiff, the defendant, by an order to show cause, moved the court for a bill of particulars of the plaintiff's claim, and this order having been granted the plaintiff appeals to this court.

While it is true that the complaint is long, the most of it is devoted to a description of the various parcels of land involved in the litigation, all of which appears to have been conveyed to the plaintiff by a single deed, bearing date of October 28, 1918, and there would seem to be no reason for so much of the order as directs the plaintiff to give " the location of the said lands with respect to the lands of the defendant, roads and highways." Just why the plaintiff should be called

upon to determine what are the lands of the defendant, or what roads and highways bound, intersect or otherwise have relation to its premises, does not occur to us. The issue in this case is the ownership of the premises and of the rights which the plaintiff claims under the particular deed mentioned and described in the complaint. The plaintiff's allegations are denied. It must prove its ownership, and no good reason suggests itself why the defendant should be given the particular details as to how the plaintiff's premises may be related to the lands of the defendant, or of the roads and highways, without limit.

Neither are we able to discover from anything in the moving papers why the plaintiff should be called upon to give the " number of acres covered by water by virtue of the description set forth in paragraph ' 2 ' of said complaint and the location thereof with respect to the boundaries of the said lands." The plaintiff must prove its cause of action; it must show the ownership of the premises and the rights described, and that the defendant is a trespasser upon those rights, and if the proof does not show that the waters of the lake are in the ownership and control of the plaintiff then the cause of action fails. The defendant knows the location of his own lands. It may be that he has, by reason of ownership of lands abutting upon the lake, certain riparian rights which may be asserted, but with the burden upon the plaintiff to establish its exclusive rights there would seem to be no good reason why it should be called upon to give details of its ownership in advance.

Just what good purpose would be served by " a statement as to whether or not said premises consist of more than one parcel, and whether, if separate parcels, they comprise one parcel by reason of their lying contiguous to one another," does not occur to us, and no explanation is given in the moving papers. Rule 23 of the General Rules of Practice requires that " all motions for relief to which a party is not entitled as matter of right shall be made upon papers showing merits, and the good faith of the prosecution or defense," and it is now consistently held that the old technical affidavit of merits, such as appears in the present case, is not sufficient. In *Rothschild* v. *Haviland* (172 App. Div. 562) the court say: " The affidavit of the defendant upon which the motion is

based contains a formal affidavit of merits, but does not state any facts showing merits and the good faith of the defense as required by rule 23 of the General Rules of Practice. It has been repeatedly held that a defendant applying to a court for an order opening his default must show as a condition precedent to the granting of the relief facts establishing a meritorious defense, and an affidavit of merits alone is not sufficient. (*Heischober* v. *Polishook*, 152 App. Div. 193, 195; *Clews* v. *Peper*, 112 id. 430.)  *  *  *  Insistence on the observance of the rule makes for the orderly administration of justice, and is not the enforcement of a mere technical rule of practice." (*Milkman* v. *Casesa*, 175 App. Div. 904; *Troy & Albany S. Co., Inc.*, v. *Terry & Tench Co., Inc.*, 192 id. 764.) In the latter case a bill of particulars was denied upon moving papers very like those here under consideration, and the rule was stated and enforced that " the moving papers must show to the court the facts and circumstances from which merit in the application for relief may be inferred."

The order appealed from should be reversed.

All concur.

Order reversed, with ten dollars costs and disbursements.