THE FITZGERALD MANUFACTURING COMPANY, Appellant, *v.* MOLLIE KING ALEXANDER, Formerly MOLLIE KING, Respondent.

First Department, March 3, 1922.

Judgments — default judgments — defendant's papers on motion to open default judgment failing to excuse default and show meritorious defense insufficient — defendant must show facts establishing meritorious defense aside from affidavit of merits.

A motion by a defendant, made under section 445 of the Code of Civil Procedure, to open her default and for leave to interpose an answer and defend, should be denied where the proposed answer is frivolous upon its face and there is nothing in the moving papers to show a meritorious defense, other than a bare formal affidavit of merits, and the defendant's default is not satisfactorily excused, and where it further appears, from the allegations of the complaint and the defendant's own admissions, that she was guilty of conduct which should render her liable to respond to the plaintiff in damages.

A defendant, applying to a court for an order opening his default, must show, as a condition precedent to the granting of the relief, facts establishing a meritorious defense, and an affidavit of merits alone is not sufficient.

APPEAL by the plaintiff, The Fitzgerald Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1921, vacating and setting aside a judgment by default in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of December, 1920, and permitting the defendant to interpose an answer and defend.

*MacLean & MacLean* [*James N. MacLean* of counsel; *Chester T. Krouse* with him on the brief], for the appellant.

*Keppler & Hochman* [*Joseph L. Hochman* of counsel], for the respondent.

MERRELL, J.:

The defendant moved to open her default and for leave to defend, pursuant to the provisions of section 445 of the Code of Civil Procedure. That section provides as follows: " Where the summons is served, pursuant to an order made as prescribed in this article, in any other manner than personally without the State, and the defendant so served does not appear, * * * such defendant, or his representatives, must, in like manner, upon good cause shown, and upon just terms, be allowed to defend, after final judgment, at any time within one year after personal service of written notice thereof; or, if such a notice has not been served, within seven years after the filing of the judgment roll."

Substituted service of the summons in the action was made upon the defendant, and she never appeared in the action, but made default. An inquest was taken, plaintiff's proofs were presented, and on December 10, 1920, judgment in plaintiff's favor and against the defendant was entered. Thereafter the defendant moved to vacate the judgment and set aside the service of the summons and complaint upon the ground that she was not a resident of New York but a resident of Kentucky. A reference was had on said motion, and the same was finally denied. Thereupon the defendant moved, pursuant to section 445 of the Code of Civil Procedure, to vacate the judgment herein, and that the defendant be permitted to come in and serve her answer and defend the action. This motion was granted, and from the order granting the same this appeal is taken.

The action was brought by the plaintiff, a foreign corporation organized under the laws of the State of Vermont, to recover of the defendant damages claimed to have been sustained by reason of the latter's breach of contract. In its complaint the plaintiff alleges that on or about April 29, 1919, the plaintiff and defendant entered into an agreement in writing, a copy of which is annexed to the complaint, wherein the defendant, in consideration of the payment to her by plaintiff of the sum of $1,000, granted unto plaintiff the exclusive right to use defendant's photograph, name, testimonials and *facsimile* signature for the period of one year from that date in and about the advertising of a certain Star electric vibrator, a device manufactured and sold by the plaintiff, and that the defendant would not grant or allow any other firm, corporation,

association or individual to use her said photograph, name, testimonials or *facsimile* signature during said period; that relying upon the promise so made therein by the defendant the plaintiff did, on or about the 29th day of April, 1919, pay to the defendant the sum of $1,000 agreed to be paid under said contract. The plaintiff in its complaint further alleges that after the execution of the agreement and after the payment of the said $1,000 to the defendant thereunder, and after the expenditure of various sums of money in the procurement of art drawings, sketches, art work and other services in connection with the use of said photograph, name, testimonials and *facsimile* signature, for advertising purposes, the plaintiff discovered that the defendant did on or about April 15, 1919, grant to Wells & Richardson Co., Inc., of Burlington, Vt., the right and permission to use the reproduction of defendant's photograph, together with her autograph indorsement for advertising purposes in connection with the advertising of the Diamond Dye girl calendar for the year 1920, and that the said Wells & Richardson Co., Inc., did, after the making and delivery of said contract, freely make use of and send out to the public throughout the United States and elsewhere reproductions and copies of defendant's name, photograph, signature and testimonials, and that by reason thereof plaintiff's contract and rights thereunder became lost, destroyed and valueless, all to the great damage of the plaintiff. Plaintiff further alleges that the said defendant, on October 15, 1919, granted unto one George Landy, of New York city, the right and permission to use her personal and still pictures in and about publicity covering her personal activities, and that said George Landy did, after the making and delivery of said contract to him, freely feature and advertise said defendant, and through the advertisement of the products of Johnson, Cowdin & Co., Inc., of New York city, and other concerns, did freely make use of and publish in a large number of magazines and publications throughout the United States and elsewhere reproductions and copies of defendant's photographs, signature and testimonials, and that by reason thereof plaintiff's contract and rights thereunder became lost, destroyed and valueless, all to plaintiff's great damage. Alleging full performance on its part of the said contract, the plaintiff alleges that after the execution and delivery thereof and in addition to the payment of the sum of $1,000 to defendant thereunder, the plaintiff, in order to obtain the advantages which were to accrue and to which the plaintiff was entitled under said contract, necessarily paid, laid out and expended various sums of money in causing to have made art sketch of working drawings, art color sketch, line drawings, photo-

graph, art work and art drawings and made other disbursements flowing out of said contract and the breach thereof, all of which became lost and valueless to plaintiff because of defendant's said breach of contract and all to plaintiff's damage in the sum of $2,734.14, for which, with interest, judgment is demanded against the defendant.

In connection with defendant's application to vacate the judgment and for leave to serve an answer and to defend the action, voluminous affidavits are presented by the defendant's attorneys, but neither of said attorneys makes affidavit that the defendant has a meritorious defense to the cause of action set forth and alleged in plaintiff's complaint. No affidavit of merits is contained in either of said affidavits, but the defendant herself, in her moving affidavit, makes the usual formal affidavit of merits. A proposed verified answer is presented by the defendant, which, aside from denials of material allegations of the complaint, seems to be frivolous in the extreme, and I am not convinced therefrom that the defendant has any substantial defense to the cause of action set forth in plaintiff's complaint. In her answer she admits the making of the written contract with the plaintiff, a copy of which is annexed to the complaint, and does not deny making the contracts with Wells & Richardson Co., Inc., and with said George Landy.

As evidence of the frivolousness of said proposed answer and defendant's lack of good faith, it is alleged in the complaint that she was paid $1,000 in consideration for the execution of the contract, and upon the inquest the original check for $1,000 was offered and received in evidence as a returned voucher, and now forms a part of the judgment roll. In its complaint the plaintiff alleges as follows:

" *Third.* That relying upon the promises so made therein by defendant, as aforesaid, plaintiff did on or about the 29th day of April, 1919, pay to the defendant the sum of One Thousand Dollars so agreed to be paid by it under said agreement as aforesaid."

In her answer, paragraph " third," the defendant meets this allegation as follows:

" *Third.* She denies the allegations contained in paragraph marked ' Third ' of the complaint except that the plaintiff did on or about the 29th day of April, 1919, pay her certain moneys."

Upon its face this denial of the positive allegation of plaintiff's complaint is frivolous.

While an attempt is made to excuse defendant's default by reason of engagements of counsel, still it appears that within a very few days after the mailing of the summons and complaint

herein, applications were being made on the part of the attorneys for the defendant for an extension of time in which to appear specially in the action for the purpose of moving to set aside the substituted service.

It seems to me the failure of the defendant in her moving papers to show merits should have called for a denial of her application. The apparent absence of any meritorious defense to plaintiff's cause of action is not cured by the bare formal affidavit of merits contained in defendant's affidavit. Mr. Justice Page, writing for this court in *Rothschild* v. *Haviland* (172 App. Div. 562), said: " The affidavit of the defendant upon which the motion is based contains a formal affidavit of merits, but does not state any facts showing merits and the good faith of the defense as required by rule 23 of the General Rules of Practice. It has been repeatedly held that a defendant applying to a court for an order opening his default must show as a condition precedent to the granting of the relief facts establishing a meritorious defense, and an affidavit of merits alone is not sufficient. (*Heischober* v. *Polishook*, 152 App. Div. 193, 195; *Clews* v. *Pepper*, 112 id. 430.)

" The favor of the court should be extended upon proper terms when the litigant who has a meritorious cause of action or defense has through inadvertence or neglect lost his right to have his day in court. The favor should be withheld when it is not shown that there is a meritorious controversy, for the courts should not be burdened with unfounded claims to relief nor should a just cause be delayed by the interposition of an unwarranted defense. Insistence on the observance of the rule makes for the orderly administration of justice, and is not the enforcement of a mere technical rule of practice."

In *Dana* v. *Thaw* (56 Misc. Rep. 612) it was said: " The same rule was emphatically laid down in an opinion by the late Presiding Justice Van Brunt as follows: ' We think that the learned counsel for the appellant is entirely mistaken in supposing that the doctrine has ever been established that when an affidavit of merits is presented and there are no suspicious circumstances connected with the application a default will necessarily be opened. Although decisions to that effect may be found, yet still the practice of the court has been against so loose a procedure as this; and the applicant must not only show a reasonable ground for opening the default, but the burden is upon him to establish his good faith otherwise than simply by an affidavit of merits.' *Deane* v. *Loucks,* 58 Hun, 555."

I am not convinced, from a careful reading of the affidavits, that the defendant has satisfactorily excused her default, nor do

I think that she has demonstrated that she has any defense to plaintiff's cause of action. From the allegations of the complaint and her own admissions, it would seem that she was guilty of conduct which should render her liable to respond to the plaintiff in damages. Apparently she was entirely lawless in her treatment of the plaintiff, and guilty of bad faith. Although she executed a solemn written contract to give plaintiff the exclusive right to use her photograph and signature for its advertising purposes for the period of one year, in consideration of the sum of $1,000, which was paid to her by the plaintiff, and agreed that for such period she would not grant or allow, directly or indirectly, any one else to use the same, it appears that but a few days prior thereto she had granted to another concern the right to use her photograph, signature and testimonials for a like purpose, and that a few months later she granted to still another person the right to use her photograph, and the same was freely used by said others for advertising purposes, and, so far as appears, without objection or remonstrance on the part of the defendant. All this would seem to be in utter disregard of her contract obligations. The plaintiff has been granted a judgment upon presentation of its proofs, and in the absence of proof of a meritorious defense to plaintiff's cause of action, I do not think the court at Special Term was justified in vacating the judgment and in permitting the defendant to answer and defend the action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.