JOHN T. LENNOX, Plaintiff, *v.* MICHAEL J. MEEHAN et al., Defendants.

Supreme Court, Oswego Special Term, November, 1923.

Practice — default of plaintiff upon trial — motion to set aside judgment and open default denied where moving papers are insufficient — Rules of Civil Practice, rule 65.

Under rule 65 of the Rules of Civil Practice, the pleadings in a case are always before the court upon a motion made in the action.

Upon the failure of the plaintiff to appear when the cause was reached for trial judgment dismissing the complaint upon such default was entered. *Held*, that as the moving papers upon a motion to set aside the judgment and to open the default did not show that plaintiff has a meritorious cause of action, the motion will be denied.

MOTION to open default and set aside judgment.

*George E. Mull* and *Cregg Bros. & Rulison*, for plaintiff, for motion.

*Udelle Bartlett*, for defendant Farrell; *Jos. T. McCaffrey*, for defendant Meehan, and *Scully & Lewis*, for defendant Lannon, opposed.

CHENEY, J. Plaintiff moves to open the default taken against him when he failed to appear when the cause was reached at the Oswego county Trial Term, and to set aside the judgment dismissing his complaint entered upon such default.

The excuse given in the moving papers for the failure to appear at the trial is that counsel. not the attorney, for plaintiff, who had been engaged to try the case, were engaged in a trial in another court at the time this case was reached. While it is not entirely clear that engagements of trial counsel in another court is a legal ground for postponement of a case, the courts have so uniformly exercised their discretion under such circumstances and granted postponements, that we may fairly say that had the facts been presented to the court in this case, that course would have been followed. The explanation given why no one appeared for plaintiff and requested a postponement shows that it was the result of an inadvertence for which plaintiff's counsel is not censurable.

Defendants claim that the moving papers are not sufficient to justify the court in extending to the plaintiff the favor which he asks in being relieved from his default, in that they do not show that the plaintiff has a meritorious cause of action.

I think that this objection is well taken. The rule governing such cases as this is very well stated in the opinion of Page, J., in *Rothschild* v. *Haviland,* 172 App. Div. 562, as follows: " The favor of the court should be extended upon proper terms when the litigant who has a meritorious cause of action or defense has through inadvertence or neglect lost his right to have his day in court. The favor should be withheld when it is not shown that there is a meritorious controversy, for the courts should not be burdened with unfounded claims to relief nor should a just cause be delayed by the interposition of an unwarranted defense. Insistence on the observation of the rule makes for the orderly administration of justice, and is not the enforcement of a mere technical rule of practice."

The moving affidavits should show the facts which it is claimed constitute the cause of action; a formal affidavit of merits is not sufficient. *Fitzgerald Mfg. Co.* v. *Alexander,* 200 App. Div. 164; *Dewey* v. *Morris,* 108 Misc. Rep. 407. The affidavits here do not state any facts from which the court can determine that a meritorious controversy is presented. The pleadings in the case are always before the court upon a motion. Rules Civ. Prac., rule 65. An examination of the complaint shows that it does not state facts sufficient to constitute a cause of action. The action is brought to recover for the conversion of a quantity of whisky alleged to have been made October 7, 1920, and no facts are alleged

therein which will permit proof to be given that the plaintiff was lawfully in possession of the whisky at that time.

The National Prohibition Act of October 29, 1919, title 2, section 3, provides: " No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish *or possess* any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." Section 33 further provides: "After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the eighteenth amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

It is thereby made illegal to possess any intoxicating liquor, except under the particular circumstances permitted by the act. No cause of action can arise out of a transaction made illegal by statute. *Adler* v. *Zimmerman,* 233 N. Y. 431; *Barry* v. *Mulhall,* 162 App. Div. 749; *Sprague* v. *Webb,* 168 id. 292; *Dunham* v. *Hastings Pavement Co.,* 56 id. 244. The court will not lend its aid to the plaintiff to protect his illegal possession of intoxicating liquors. Therefore, in order to have any standing in court, the complaint must allege the facts which bring the possession of the liquor upon which he seeks to recover lawfully within the authority of the National Prohibition Act. Otherwise, the complaint is insufficient. *Lundy* v. *Orr,* 205 App. Div. 296.

As the plaintiff has not shown that he has a meritorious cause of action, the default should not be opened, as the complaint would be dismissed upon motion or at the trial.

The motion is denied, with costs.

Ordered accordingly.