CHARLES HANNEL, Plaintiff, *v.* WILLIAM J. SERBERT, Defendant.

County Court, Niagara County, March 8, 1932.

*Franchot, Runals, Cohen, Taylor & Rickert* [*Thomas G. Rickert* of counsel], for the plaintiff.

*Frank J. Maldiner,* for the defendant.

GOLD, J.   This is the return of an order to show cause, granted February 29, 1932, in the above-entitled matter on affidavits made by the defendant and his attorney.   It is sought on behalf of the defendant to open a judgment rendered in this court on the 13th day of October, 1931, after the action had been on the trial calendar of the court and the cause of action, on behalf of the plaintiff, was submitted to a jury on the 24th day of September, 1931.   The defendant was not present at said trial, nor was he represented by counsel who was present.

The summons and complaint herein were served on the defendant during the month of March, 1930.   An answer was served on April 3, 1930, interposing a general denial.   The defendant was represented by A. F. Premus.   The action was duly noticed for trial by both attorneys for the term commencing October 6, 1930.   At the November term the case was not tried because of the illness of defendant's attorney, who subsequently died.

On May 6, 1931, Mr. Rickert, one of plaintiff's attorneys, wrote the defendant as follows: " This action is reached for trial at the term of County Court now in session at Niagara Falls.   As you know your attorney of record in the action died some time ago.   If you desire to defend this case kindly advise me to that effect within the next week.   My instructions are to dispose of the matter some time during the present term of County Court.   I am in the meantime having the case held on the calendar to give you an opportunity to take such steps as you may deem advisable.   If you are desirous of effecting a compromise without further litigation in the matter you will not find us unreasonable.   Kindly let me

hear from you without fail, however, within the time stated." No answer was received in response thereto and on May 16, 1931, a further letter was written to the defendant as follows: " Please be advised that in the event we do not hear from you on or before Wednesday, May 20th, with respect to the . substitution of an attorney to represent you in the above-entitled action, we shall be obliged under our instructions to proceed to trial in the matter." No answer to this letter was received.

The defendant apparently paid no further attention to the case, and on September 24, 1931, plaintiff appeared in court with his counsel, a jury was drawn, proof presented, and a verdict rendered in favor of the plaintiff. On October 13, 1931, judgment was entered in the Niagara county clerk's office. The defendant was notified of such judgment by the attorneys for plaintiff; a copy of the bill of costs, giving defendant notice of retaxation, was inclosed.

On October 14, 1931, defendant, by his attorney, requested of the plaintiff's attorneys that said judgment be opened, which was refused. Although four terms of court had intervened, no steps were taken by defendant, or his counsel, to open said judgment until the present motion was made. In the meantime, execution was issued to the sheriff of Niagara county on said judgment.

Since that time, execution has been issued to the sheriff of Niagara county on another judgment against this defendant in favor of other judgment creditors, which is subsequent to the execution issued in this action.

The moving papers submitted herein state no facts as to the cause of action on the defense thereto and show no merit in the defense to the action, but state simply that the attorney representing defendant has informed defendant he has a good defense to the action.

" It has been repeatedly held that a litigant applying to a court for an order opening his default must show as a condition precedent to the granting of the relief facts establishing a meritorious defense, and an affidavit of merits is not sufficient." (*Heischober* v. *Polishook*, 152 App. Div. 193, 195; *Clews* v. *Pepper*, 112 id. 430.)

" The favor of the court should be extended upon proper terms when the litigant who has a meritorious cause of action or defense has through inadvertence or neglect lost his right to have his day in court. The favor should be withheld when it is not shown that there is a meritorious controversy, for the courts should not be burdened with unfounded claims to relief nor should a just cause be delayed by the interposition of an unwarranted defense. Insistence on the observance of the rule makes for the orderly administra-

tion of justice, and is not the enforcement of a mere technical rule of practice." (*Rothschild* v. *Haviland*, 172 App. Div. 562, 563.)

Notwithstanding the fact that defendant, on the 13th day of October, 1931, knew that a judgment had been entered against him, he neglected to take any action for a period of over four months and not until after execution had been issued to the sheriff of Niagara county. In his own affidavit he states: " That deponent paid no further attention to said action," subsequent to the death of Mr. Premus. I think he has waived any right to come into court at this time and ask for relief.

The motion is, therefore, denied.