JOHN G. M. HILTON, Appellant, *v.* JOHN E. MACK and JOHN C. WATSON, as Trustees under the Trust Created by JOHN G. M. HILTON for the Benefit of MADELINE S. HILTON (Now MADELINE S. GASTON) and MAUDE S. HILTON, and Others, Respondents.

Third Department, November 1, 1939.

*Woollard & Morris* [*William E. Woollard* of counsel; *Ernest B. Morris* with him on the brief], for the appellant.

*Charles L. McCann*, for the respondent Madeline S. Gaston, individually and as guardian, etc., of Maude S. Hilton.

*James E. Carroll*, for the respondent Maude S. Hilton.

*John E. Mack*, as trustee, in person.

*John C. Looby*, for John C. Watson, as trustee.

HEFFERNAN, J. Plaintiff has appealed from two orders of the Special Term of the Supreme Court granted after a hearing held on December 2, 1938, and entered in the office of the clerk of Albany county on May twenty-fourth and twenty-sixth, respectively, denying his motion to open a default and to vacate and set aside the proceedings had at such Special Term including a decision dated December 10, 1938, and entered December 14, 1938, made by the justice who presided thereat.

The orders apparently are identical except as to costs; one of them was procured and entered by the attorney for one of the defendants and the other was procured and entered by the attorneys for plaintiff.

The action is for an accounting of a trust fund involving several hundred thousand dollars heretofore created by plaintiff for the benefit of his former wife, defendant Madeline S. Gaston, and their daughter, defendant Maude S. Hilton, and of which fund the defendants Mack and Watson are trustees. By the terms of the trust plaintiff is entitled to one-half of the principal of the estate when the daughter arrives at the age of twenty-five years.

After the commencement of the action plaintiff applied to the Special Term of the Supreme Court for an order of reference to hear and determine. That motion was opposed, not by the trustees, but by the attorneys representing plaintiff's former wife, and the special guardian for the infant daughter. The Special Term granted the application and appointed a referee to take the accounts of the trustees and to hear and determine the issues. An appeal was taken from that order to this court. On November 15, 1938, the attorneys for the respective parties appeared before this court and consented to the dismissal of the appeal. They could not agree however on the question of costs. The presiding justice stated that the order would be reversed by consent and the court reserved its decision on the terms to be imposed. On November 23, 1938, this court made the following decision: " Order reversed, on the

law and facts, on consent, with fifty dollars costs and disbursements." (255 App. Div. 920.) On November 26, 1938, a formal order was made by this court and on December 1, 1938, such order and a judgment of reversal were entered in the Albany county clerk's office and copies thereof served on plaintiff's attorneys on the same day.

Meanwhile and on November 15, 1938, the attorneys representing the beneficiaries of the trust fund served on plaintiff's attorneys notes of issue for a trial of the cause to be held on December 2, 1938. Plaintiff's attorneys promptly returned the notes of issue on the ground that the issues involved had been referred by order of the court to a referee and that such order had not up to that time been reversed or set aside. On December 1, 1938, plaintiff's attorneys notified the justice assigned to hold the Special Term that the case was not in shape to be tried because no order of reversal of the order appointing a referee had then been made or entered and that the notes of issue served by the attorneys had been returned.

On December 2, 1938, plaintiff's attorneys served a note of issue on defendants for a trial of the cause at a Special Term appointed to be held on December 16, 1938, by another justice.

Plaintiff and his attorneys did not appear before the Special Term on December second. The attorneys for the defendants appeared and moved the cause for trial and after submitting proof the court rendered a decision in their favor denying plaintiff's application for an accounting or for any other relief. Later the justice who presided at the Special Term signed a judgment by default against the plaintiff in which judgment separate bills of costs were given to each of the four defendants and extra allowances amounting to $2,300 were made. Later plaintiff applied to the Special Term presided over by the same justice before whom the prior proceedings were had for an order " vacating and setting aside all proceedings had at the Kingston Special Term held December 2nd, 1938." That motion was denied and from the order entered on such decision the plaintiff has come to this court.

The principal question which this record presents is whether or not defendants' attorneys on November 15, 1938, could properly notice the cause for trial for December second following. We think they could not and that their note of issue was prematurely served. The appeal from the order of reference was then pending in this court. It is true that on the argument on November fifteenth the presiding justice stated that the order would be reversed by consent. The terms to be incorporated in such an order were not then determined by the court. As already pointed out, it was considerably later that our decision was announced and the formal order signed and entered. The attorneys for defendants were not

in a position to notice the cause for trial until the appeal pending in this court was determined. The note of issue which they served was a nullity and conferred no jurisdiction on the Special Term to hear and determine the issues and hence the orders appealed from must be reversed. There is no basis for the statement that plaintiff waived his rights.

There is another reason why the orders under review cannot be sustained. It has been suggested that plaintiff should have appeared before the Special Term and objected to the procedure. Even if it be assumed that plaintiff should have adopted that practice his failure to do so was excusable and the Special Term in the exercise of a sound judicial discretion should have opened the default.

In denying plaintiff such relief the Special Term said, *inter alia*, " As the moving papers fail to state any of the grounds which justify relief from the plaintiff's default, this motion must be denied, with ten dollars costs." We cannot adopt that view. Clearly plaintiff was entitled to have the trustees account for the fund in which he has a very substantial interest. Defendants assert that an accounting is unnecessary. That argument is wholly inconsistent with their position before the Special Term. At that time, in plaintiff's absence, they made an accounting. Not only that but the Special Term actually granted them affirmative relief.

Plaintiff has not only been deprived of his day in court and the opportunity to examine the trustees, a right to which he was entitled as a matter of law, but excessive allowances to counsel have been made which must be paid by plaintiff and his infant daughter. We cannot sanction extra allowances to counsel for defendants of $2,300 besides statutory costs, for services in taking a judgment by default. In our opinion there is no justification for these awards.

There is one other matter to which we feel obliged to refer and for which the attorneys for all parties are responsible. It is apparent that defendants' attorneys desired to have this cause heard by one Special Term and that plaintiff's attorneys were anxious to have a hearing before a different Special Term. The practice of attempting to maneuver a cause before a particular judge is not to be commended. In our opinion it has a tendency to bring the administration of justice into disrepute.

The orders appealed from should be reversed on the law and facts, with ten dollars costs and disbursements, and plaintiff's motion granted.

HILL, P. J., and FOSTER, J., concur; BLISS, J., dissents, with a memorandum; SCHENCK, J., dissents, with an opinion.

BLISS, J. (dissenting). I dissent solely upon the ground that by this notice to produce appellant waived any defect in the service of the note of issue. This notice recognized the jurisdiction of the

Special Term to proceed with the trial on December 2, 1938, and was an assertion under its authority of the right to compel respondents' attendance with certain documents. Its effect was to nullify the appellant's previous return of the note of issue.

Schenck, J. (dissenting). The principal questions here presented are whether or not the case was properly noticed for trial at Kingston, on December 2, 1938, in the first place, and if it had not been so properly noticed, whether or not the appellant's attorneys waived objections to proceeding at that time or estopped themselves in regard thereto. If either question is decided in the affirmative, there can be no basis for the opening of the default.

The questions arising from the original action were referred to a referee by an order of the Special Term from which an appeal was taken to this court. Upon the date of argument of the appeal, November 15, 1938, the appellant herein, through his attorneys, consented in open court to a reversal of the original order. Thereupon, that same day the special guardian for the respondent Maude S. Hilton and the attorney for the respondent Madeline S. Gaston served notes of issue for trial at the Special Term to be held at Kingston on December second on all other parties. The attorneys for the appellant, however, promptly returned the note of issue served upon them with the notation that the order of reference "has up to this time not been reversed or set aside." In this connection it should be noted that Ernest B. Morris, Esq., one of appellant's attorneys, was present at the argument before this court and personally consented to the reversal of the order of reference.

Later, on November 26, 1938, appellant's counsel served a " Notice to Produce " requiring the defendant trustees to have certain papers and documents at Kingston on December 2, 1938. Despite this, however, appellant's counsel wrote a letter to the justice who was to sit at Kingston on December second, stating that because of the pressure of business and for other reasons they would not be able to try the case on the fixed date. This letter was sent December first. On December second appellant's attorneys were not represented at Kingston and judgment by default in favor of the respondents was entered. It is the denial of the motion to open this default that is the subject of the present appeal.

From these facts it is manifest that certain arguments raised by the appellant are not well founded. It seems clear that when the appellant consented to the reversal of the order of reference and the court through the presiding justice stated that the order accordingly would be reversed, the appellant's attorneys were not justified in returning the note of issue on the ground that the order had not been reversed. They had consented to a reversal and the reversal obviously followed as a matter of course. Thus, the

way was clear for any party to the action to note the case for a speedy trial. , Therefore, the noticing of the matter for trial at Kingston on December second, was a proper procedure and no objection now lies with the appellant to the judgment which followed his default. In view of the actual knowledge of the parties, the formal entry of the order of reversal is immaterial.

However, even if it be held by tortuous straining of the facts and the law that the case had not been properly noticed for trial, it would be necessary to hold that the appellant, through his attorneys, has estopped himself from opposing the default judgment at this time. In the first place, appellant consented to the reversal of the order of reference. His attorneys certainly were well aware of the reversal on November fifteenth, regardless of any technical question of the actual entry of the order of reversal. Appellant's consent to this reversal, therefore, now estops him from questioning the note of issue and the subsequent results thereof, all of which occurrences flowed naturally from the reversal of the order of reference. Likewise, the appellant's action in serving the " Notice to Produce," returnable at Kingston on December second, clearly was a waiver of his objections to proceeding to trial there on that date. Therefore, even if the service of the note of issue be deemed invalid, it is manifest that appellant has both estopped himself from moving to open the default and has waived his objections to the proceedings which took place on December second at Kingston. Upon either theory, of course, the orders of the Special Term denying motions to reopen the default were proper and should be sustained.

It must also be found that aside from the merits, there is sufficient authority to sustain the Special Term on the ground that the moving papers contain nothing to indicate that the plaintiff has a meritorious cause of action. A recital to this effect in the moving affidavit has always been held necessary. (*Fitzgerald Mfg. Co.* v. *Alexander*, 200 App. Div. 164; appeal dismissed, 234 N. Y. 608.)

In similar manner, where it appears that a default is deliberate, it cannot be opened. (See *Murphy* v. *Rose*, 218 App. Div. 751.) The facts here indicate that this default was deliberate and the moving papers contain nothing to contradict this theory. This, likewise, would seem to be a sufficient ground upon which to sustain the Special Term.

The orders appealed from should be affirmed on the law and on the facts, with ten dollars costs and disbursements, and plaintiff's motion denied.

Orders appealed from reversed, on the law and facts, with ten dollars costs and disbursements, and plaintiff's motion granted.