Milton A. Wiltse, J.
A motion has been made by the defendant herein to set aside and vacate a judgment heretofore entered by default, and to allow him to interpose an answer.
It is the understanding of this court that such a motion must be based on section 108 of the Civil Practice Act of the State of New York, which substantially states that in order for the court to grant a motion by the defendant to vacate a judgment and open a default, the defendant must show in his.moving papers that the judgment was taken by the plaintiff through neglect, mistake or inadvertence on the part of the defendant. (Civ. Prac. Act, § 108.)
In addition, defendant must show in his moving papers a meritorious defense to the action. (Hannel v. Serbert, 143 Misc. 61.)
It is also understood to be the law that a defense in this type of motion may not be based upon a separate counterclaim or cause of action, arising put of a definite transaction. (Hayden Co. v. Mitchell-Tappen Co., 139 Misc. 480.)
Pacts of this matter are apparently that a judgment by default was taken against the defendant by the plaintiff; that there was some discussion between counsel for the respective parties., regarding same, prior to said judgment; that counsel for the defendant now claims that he should have an opportunity to set aside the judgment and interpose an answer; that counsel for the defendant claims that he has a meritorious defense, *414 and was unavoidably delayed from, interposing an answer in this action and presenting his defense; and that counsel for the plaintiff had indicated to him that he might have an extension of time, in which to do same; and that counsel for the defendant had thought that his answer and defense had been submitted before judgment was taken.
Without going further into the facts of these particular contentions, as they relate to section 108 of the Civil Practice Act aforesaid, it is determined that sufficient information has not been afforded to allow the opening of the default judgment, because of its having been obtained by the plaintiff through ‘‘ mistake, inadvertence, surprise or excusable neglect ’’ on the part of the defendant. (Civ. Prac. Act, § 108.)
In the present motion, asking that the judgment be vacated and that the defendant be allowed to interpose an answer to the complaint, it is contended by counsel for the defendant that the counterclaim contained in said answer is a good and sufficient defense, under the section of the Civil Practice Act and the cases cited above. It should be mentioned that all of the cases cited by counsel have been read, and some of them are referred to herein, but this court has a different interpretation of same than do some of counsel. It is appreciated that the interpretation that will be hereinafter set forth may not be correct, but it is felt that the same is justifiable, insofar as this court has been able to determine the law.
From a reading of the various papers, it further appears that the counterclaim, upon which the motion is largely based, involves an alleged withholding of income taxes, by the plaintiff, from the defendant, which have not been paid to the Department of Internal Revenue of the United States Government. Therefore, the defendant contends that the amount withheld from payment for his services should have been credited against any amount alleged to have been due, by the defendant, to the plaintiff, at the time of the institution of the present action. The defendant further contends that accounts, as between the parties herein, were balanced and stated, prior to the commencement of the action, and that any withholding of taxes should have been, or necessarily must have been, taken into consideration. Decision in this matter has been delayed for some time to ascertain whether any proceeding may have been instituted by the Department of Internal Revenue for the alleged withholding of taxes from the wages of the defendant, that were not paid to the Department of Internal Revenue by the plaintiff. No such action has been taken. Whether or not that had been the case, it appears that this is a matter entirely separate *415 from the cause of action mentioned in the complaint, and under which the default judgment herein was originally obtained.
It is therefore determined that the counterclaim, alleged by the defendant as a ground for setting aside the judgment, does not come within the provisions of the section and authorities above cited; nor does it come within the provisions of Goelet v. Goldstein (229 App. Div. 456) holding, in substance, that, if a defense and counterclaim are combined in an answer, the facts must constitute both a defense and counterclaim to be properly pleaded as both.
It is further held that the defendant, in his moving papers, and proposed answer, has not set forth a cause of action that might be designated as a separate defense and counterclaim.
It therefore follows that the defendant may not properly move, at this time, to vacate the judgment heretofore entered, since he does have a remedy, if his present contentions are correct, to prosecute an action, for the amount that he claims to have been withheld by the plaintiff, and not paid to the Department of Internal Revenue.
These actions appear to be separate and distinct, and not within the authorities and law mentioned above, which allow the setting aside of a judgment of default, for the purpose of the defendant’s interposing of an answer.
It is appreciated that, frequently, attorneys for litigants stipulate and agree that a default of judgment may be opened. However, all attorneys have the interests of their respective clients to consider, and must abide by the instructions of their respective clients. Apparently, in this instance, regardless of the personal inclinations of the attorneys, instructions were given to abide by the law, as the court understood it.
In conclusion, the motion of the defendant is denied, in all respects, and the judgment, heretofore entered, is sustained.
An order to conform with the above may be entered.