Charles J. Beckinella, J.
In this derivative stockholder’s action brought on behalf of the 57th St. Realty Corp., defendants move for an order staying the action pursuant to section 1451 of the Civil Practice Act on the ground that the issues involved in such action are referable to arbitration under the contracts or in the event said motion is denied, granting to the defendants an extension of time to answer or otherwise move with respect to the complaint.
The action is brought against the four individual defendants constituting the officers and directors, as well as the stockholders of the said corporation and another corporation referred to as Frenat Service Corp., charging the individual defendants and the corporate defendant with acts of waste, diversion of income and assets belonging to the corporation, and misconduct in the management of its affairs. The bases upon which the defendants’ motion is predicated are two contracts, one of which is dated February 15, 1956, executed by all of the individual defendants and the plaintiff, purporting to be a stockholders’ agreement of all the stockholders of the 57th St. Realty Corp. dealing principally with restrictions on the sale or transfer *828 of the stock. No provisions for arbitration are contained therein. The contract dated February 28, 1956, executed by some 40-odd signatories, including the five stockholders who signed the February 15 contract, purports to be an agreement prescribing the formation of the Frenat Service Corp., a co-operative corporation for the purpose of maintaining and operating fleets of taxicabs owned and operated by the signatories, including the establishment of a fund for tort litigation. It further provided for the arbitration of any controversy arising between the parties and specified that the agreement was to be read in conjunction with and subject to the provisions of the stockholders’ agreement dated February 15, 1956, argued by the defendants that both agreements were in fact integral of a single contractual plan and business structure and that the arbitration provision in the second contract was fully applicable to the first agreement.
This contention is untenable. While it may be true that the contract of February 15 refers to the contract to be executed on February 28 and restricts the transfer of stock of the 57th St. Realty Corp. subject to the terms of the later agreement, nowhere did the parties in the first agreement provide for arbitration or that the arbitration clause in the second contract was to apply to the first agreement. The defendants cannot by implication extend into the first agreement, which is silent as to arbitration, such a provision by reason of an arbitration clause in another agreement between the parties different from that of the first agreement and by twisting a phrase out of context and out of meaning. The intent of the parties to adopt arbitration as an exclusive remedy must clearly appear from the contract (Matter of Writers Guild of America East [Prockter Prods.], 1 N Y 2d 305; Matter of Riverdale Fabrics Corp. [Tillnghast-Stiles Co.], 306 N. Y. 288; Matter of Lehman v. Ostrovsky, 264 N. Y. 130). Under the circumstances, this phase of the motion is denied.
As to the defendants’ request for an extension of time to answer or otherwise move with respect to the complaint, an examination of the stipulation previously entered into between the parties extending the defendants’ time to answer discloses that the defendants were only given the right to answer and there was no reservation of any right to move with respect to the complaint. An extension of time to plead, without the reservation of any right to make a motion in respect to the complaint, is fatal to applications made pursuant to rules 102, 103 and 104 of the Rules of Civil Practice (Post v. Blazewitz, 13 App. Div. 124; Peters v. Miller, 150 App. Div. 249). Nor *829 have the defendants properly moved for an extension of time to answer the complaint. A motion made for an extension of time after the expiration of the period prescribed for pleading must be made upon notice as it involves the opening of a default and the affidavit must disclose the nature of the defense. (Heischober v. Polishook, 152 App. Div. 193; Calagna v. Green, 281 App. Div. 1033.) The defendants in their application have completely failed to comply with these requirements. However, though the moving papers are insufficient, the motion is denied without prejudice to a renewal upon papers setting forth all necessary and material facts (Sagold Corp. v. Belden Manor Homes, 286 App. Div. 1112).
Settle order on notice.