In the Matter of JEROME GOLENBOCK, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, May 18, 1961.

*Henry Weiner* for petitioner.

*Menahem Stim* and *Leonard Feldman* of counsel (*Curran, Mahoney, Felix & Stim,* attorneys), for respondent.

*Per Curiam.* Respondent, an attorney admitted to practice in this State in 1939, was served with a petition over four months ago containing 12 charges of professional misconduct. He or his attorneys requested and were granted many extensions of time in which to answer, the last of which expired a week ago. No answer has been filed and respondent is in default.

Petitioners have moved to restrain respondent temporarily from practicing law, upon allegations of improprieties that will hereinafter be outlined.

Respondent in turn moves for leave to open his default and interpose an answer. A copy of the proposed answer has been submitted with the moving papers.

The reasons advanced for the failure to answer are quite unimpressive, and would not be regarded as excusable in conventional adversary litigation. Ordinarily, too, we would not consider them further in view of the fact that respondent makes "no adequate showing of a meritorious defense" (*La Vin* v. *La Vin,* 279 App. Div. 873; *Scordo* v. *Terrell,* 275 App. Div. 940). "It has been repeatedly held that a defendant applying to a court for an order opening his default must show as a condition precedent to the granting of the relief facts establishing a meritorious defense, and an affidavit of merits alone is not sufficient. (*Heischober* v. *Polishook,* 152 App. Div. 193, 195; *Clews* v. *Peper,* 112 id. 430.)" (*Rothschild* v. *Haviland,* 172 App. Div. 562.) No affidavit of merits, formal or otherwise, has been included in the motion papers; and far from making "full and complete disclosure of a meritorious defense" (*Benadon* v. *Antonio,* 10 A D 2d 40, 42), respondent offers no factual denial of any of the allegations of the petition and no explanation or extenuation of the alleged acts of misconduct.

Nor, even if we were prepared in a proceeding of this nature to accept the proposed answer in lieu of respondent showing a meritorious defense, does that document furnish any factual refutation of the charges. It consists of nothing more than a half-page blanket and conclusory denial on information and belief of certain allegations, and general denial as to other allegations of an unusually detailed and precise petition.

The petition charges respondent with improperly withholding for protracted periods approximately $85,000 out of recoveries in some 40 accident cases, which was due clients, attorneys, the Department of Welfare of the City of New York, and Columbus Hospital.

Another charge relates that respondent purchased some 50 to 75 personal injury claims from an attorney who had been retained to represent the claimants in said cases. Respondent paid $56,500 for these cases; and it is alleged that none of the clients was consulted nor were arrangements made for substitution of counsel.

The petition is as exact and detailed as a bill of particulars in setting forth dates, the names of the clients and others allegedly defrauded, the amounts withheld, and other data

further identifying the cases involved, as well as many other pertinent facts.

Contemporaneously with respondent's motion to open his default in answering, petitioners have also moved for an order temporarily suspending respondent from practice on the basis of his misconduct in connection with a group of cases in which he represented a number of plaintiffs in the United States District Court, Southern District. Respondent admitted, in testimony taken before a United States District Judge, that in 1957 he had collected over $200,000 in funds belonging to 28 infant children of United States servicemen killed in an airplane crash while in active military service. Respondent also admitted that he failed to make distribution of any of these funds to any distributee; and gave some vague story about the defalcations of his secretary. On May 10, 1961, respondent signed a consent to an order in the United States District Court suspending him from practice in that court. Respondent has about 1,200 personal injury cases in his office, and petitioners express concern about protecting the clients because of his allegedly demonstrated proclivity for converting clients' funds.

In view of the disposition we propose to make of the motion to open respondent's default we need not pass upon petitioners' application to restrain him temporarily from practicing law. Nor shall we entertain petitioners' formal motion that we take cognizance of his conduct in the United States District Court in the form of an additional charge to the petition; in fact, we shall not give any consideration to such evidence, if for no other reason than that respondent has not had time nor opportunity adequately to answer and defend such a charge.

Respondent has had ample time, however, to answer and defend the 12 uncomplicated, fully detailed charges with which he was served more than four months ago, and has failed to do so. Yet, despite his inexcusable failure to answer and his failure to make any showing by affidavit of a meritorious defense, we are loath to deny a lawyer faced with disciplinary action a hearing upon any charges that he may be able to controvert or explain. During oral argument upon these motions respondent's counsel requested a further opportunity to make a showing of a meritorious defense. Without passing on the adequacy of respondent's denials or explanations, we are nevertheless disposed to give him an opportunity to meet these charges fully at a hearing, adequately prepared and armed with records and documents, as well as witnesses, if he should desire to call any (*Matter of Eldridge,* 82 N. Y. 161).

Respondent, however, did admit unreservedly the truth of one portion of Charge No. 1. He admitted that throughout his

professional career he never complied with rule 4-B of the Special Rules Regulating the Conduct of Attorneys and Counselors-at-Law of the Appellate Division, First Department (now incorporated in Special Rule 4), which requires attorneys handling personal injury claims upon a contingent retainer basis, as did respondent, to forthwith deposit all sums of money recovered upon such claims or actions in a bank or trust company, in a special account and not to commingle same with their own funds. Respondent, under oath, repeated testimony he gave two weeks ago in the United States District Court, to the effect that he did not know of the requirement to maintain a special account prior to July 1, 1960. But in an affidavit filed almost five years ago in connection with litigation with a former partner, respondent swore to an evident familiarity and compliance with Special Rule 4-B; and yet he failed to deposit the millions of dollars he collected in special accounts.

Respondent therefore concedes the truth of the charge involving commingling of clients' funds, and he obviously has no defense whatsoever to said charge; nor has he additional proof to offer in explanation or extenuation of his failure to comply with the rule. There is no reason, therefore, for further hearings in the consideration of this charge.

Accordingly, petitioners' motion to restrain respondent temporarily from practicing law should be denied. Respondent's motion to open his default and interpose the proposed answer and proceed to hearing should be granted as to all charges except that portion of Charge No. 1 relating to his failure to comply with Special Rule 4-B. Upon this last-mentioned charge respondent should be suspended from the practice of law, pursuant to section 90 of the Judiciary Law, until such time as there shall be a final determination by this court upon the remaining charges in the petition.

BOTEIN, P. J., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Motion for an order temporarily suspending respondent from practice as an attorney and counsellor at law denied in view of the disposition on Motion No. 2 herein. Motion to open respondent's default, interpose the proposed answer and proceed to hearing granted as to all charges except that portion of Charge No. 1 relating to his failure to comply with Special Rule 4-B and respondent, Jerome Golenbock, is suspended from practice as an attorney and counsellor at law in the State of New York from the date of entry of the order herein and until the further order of this court determining the remaining charges in the petition.