Guy Gilbert Ribaudo, J.
Even though the courts are prone to allow the opening of default judgments, the statutes and the cases are equally clear that same should be denied upon the failure to show a meritorious defense and mistake, or excusable neglect, etc. (N. Y. City Civ. Ct. Act, § 101, subd. [b]; Civ. Prac. Act, § 108; Fitzgerald Mfg. Co. v. Alexander, 200 App. Div. 164; Titus v. Halsted, 209 App. Div. 66; Fritz v. Farber, 11 Misc 2d 485; Wasserman v. Tortora, 15 Misc 2d 1000; Child-Fit Mfg. Co. v. Pillow Express, 17 Misc 2d 147).
The affidavits in support of the motion herein are replete with eonclusory statements by way of defense. Nowhere are there any facts contradicting the extent of or denying the services claimed to be performed in the complaint. Nor does the reply affidavit deny the services detailed by the plaintiff in his answering affidavit. ________
*455 The only possibly valid reasons for opening default, set forth by the defendants, are the mistake or neglect of their prior counsel and a potential defense of valuation of the services rendered. As to the first, the courts will not open defaults for every mistake or neglect unless it is excusable and there is a showing of meritorious defense. The neglect demonstrated is not excusable (Capital Auto Stores v. Bradley, 2 Misc 2d 413; Pase Motors v. Lawton, 17 Misc 2d 889).
Opening of a default judgment is a matter of favor and not of right (Universal C. I. T. Credit Corp. v. Bacon, 19 Misc 2d 773).
The failure to propose an answer in this motion is reason enough to deny the motion (Rothschild v. Haviland, 172 App. Div. 562; Imperial Auto Touring & Taxi Co. v. Dickenson, 161 N. Y. S. 352). As stated in said Rothschild v. Haviland case and as quoted in the leading Fitzgerald Mfg. Co. case (supra, p. 168): ‘ ‘ Insistence on the observance of the rules makes for the orderly administration of justice, and is not the enforcement of a mere technical rule of practice.”
The contention as to the valuation of the services is proposed in the most confused manner. Nevertheless, this court feels that the issue of the amount due for the services has been created and should be resolved by the court.
Since this action is for professional work and services performed and not denied, this court is inclined to likewise afford this plaintiff protection for payment of the judgment, especially in view of the necessity of the continuance of the stay. The motion is granted to the extent that default is opened and the judgment is allowed to stand, providing that within five days after service of the order with notice of entry herein the defendants post as security with the clerk of this court, in cash, the sum of $2,500, to cover the judgment and additional costs, serve and file an answer to the complaint herein and pay to the plaintiff the sum of $25 as costs on this motion, and upon compliance therewith, this action is set down for trial at the head of the ready calendar on January 21, 1963; otherwise this motion is denied.