Clarence J. Henry, J.
The action herein (for goods sold and delivered) was commenced by the service of a summons and complaint on May 9,1962. Several extensions of time to answer were granted, the defendant’s attorney having advised plaintiff’s counsel that a third party had purchased defendant’s business, had assumed the obligations thereof and would arrange to pay. Considerable communication ensued between the attorneys but no payment or arrangement having been made by September 19,1962, a default judgment was taken. Thereafter, according to the plaintiff’s affidavit, an answer containing a general denial was served on November 20, 1962 (copy submitted). There is a dispute about this, however, defendant’s affidavit indicating that a third-party summons and complaint had been served on the third party on November 14, 1962, and a copy thereof mailed to plaintiff’s counsel on November 20,1962. In either event the answer was almost four months late and, in view of the determination herein, the dispute is immaterial.
Defendant now moves to reopen and vacate the default, claiming misunderstanding between the attorneys, and submits in support of the motion an affidavit of his attorney which indicates, in substance, the merits of the defendant’s claim over against the third party. This is insufficient.
To reopen and vacate a default judgment on the ground of mistake or inadvertence (Civ. Prac. Act, § 108), an essential requirement is a factual affidavit showing a meritorious defense (Copperman v. Labansky, 13 Misc 2d 827; Pase Motors v. Law-ton, 17 Misc 2d 889; Wasserman v. Tortora, 15 Misc 2d 1000; Fritz v. Farber, 11 Misc 2d 485). “ Defense ” is the key word in the formula, and a claim over against a third party is not a defense. It is a situation whereby the defendant may rescue himself from paying a judgment should the plaintiff succeed, but its existence does not absolve the defendant insofar as the *182 plaintiff’s claim against him is concerned. Thus a showing of third party responsibility does not display a meritorious defense.
No precedent on the precise point has been uncovered. However, a reasonably analogous situation appeared in the case of Capital Auto Stores v. Bradley (2 Misc 2d 413) where the defendant sought to reopen a default judgment on the claim of a valid counterclaim against the plaintiff. The court found the counterclaim unrelated to the initial cause of action, having arisen out of a separate transaction, and held that it was therefore not a meritorious “ defense”. If an affirmative counterclaim based upon a transaction between the parties themselves is not regarded as a defense, it must follow that an affirmative claim based upon a transaction between the defendant and a third person is not a defense.
The default judgment herein must be permitted to stand and the defendant required to pursue his remedy against the third person independently.
The motion to reopen the default judgment is denied, with $10 costs.