NEW YORK CENTRAL RAILROAD COMPANY, Appellant, *v.* BEACON MILLING COMPANY, INC., Respondent.

Argued June 5, 1944; decided July 19, 1944.

*Harold H. McLean* for appellant. I. The charges sued for were authorized by the Interstate Commerce Commission and were not published in violation of any order of the Commission. (*Emergency Freight Charges*, 1935, *Ex Parte No*. 115, 208 I.C.C. 4, *Beacon Milling Co., Inc.*, v. *New York Central R. R. Co.*, 157 I.C.C. 635; *Fifteen Percent Case*, 1931 [*Ex Parte* 103], 178 I.C.C. 539; *United States* v. *Louisiana*, 290 U. S. 70; *Birmingham Slag Co.* v. *United States*, 11 F. Supp. 486; *Matter of Transit Commission* v. *Long Island R. R. Co.*, 291 N. Y. 109.) II. The charges sued for, being computed in strict accordance with the tariffs, are the charges which are legally applicable. (*Penna. R. R. Co.* v. *International Coal Co.*, 230 U. S. 184; *Robinson* v. *Balt. & Ohio R. R. Co.*, 222 U. S. 506; *Louis. & Nash. R. R.* v. *Maxwell*, 237 U. S. 94; *Pennsylvania R. R. Co.* v. *Titus*, 216 N. Y. 17; *Davis* v. *Portland Seed Co.*, 264 U. S. 403.) III. The Interstate Commerce Commission has the sole and exclusive jurisdiction to determine the lawfulness of interstate rates contained in tariffs duly published and filed with it. (*Algoma Coal & Coke Co.* v. *United States*, 11 F. Supp 487;

*Phillips* v. *Grand Trunk Ry.*, 236 U. S. 662; *G. No. Ry.* v. *Merchants Elev. Co.*, 259 U. S. 285; *Lowden* v. *Simonds etc. Grain Co.*, 306 U. S. 516; *Arizona Grocery* v. *Atchison Ry. Co.*, 284 U. S. 370.)

*August G. Gutheim,* of the District of Columbia Bar, for respondent. I. The charges sued for are solely emergency charges, they were unauthorized by the Interstate Commerce Commission, and they are assessed in violation of that Commission's outstanding order in the *Beacon* case. (*Birmingham Slag Co.* v. *United States,* 11 F. Supp. 486; *United States* v. *Louisiana,* 290 U. S. 70.) II. A shipper or consignee is under no obligation to pay rates and charges specified in an applicable tariff if such rates and charges exceed those authorized or prescribed by the Interstate Commerce Commission for the transportation service rendered. (*Cleveland, C. C. & St. L. Ry. Co.* v. *Mills Bros.,* 101 Ohio St. 173; *Beeghly* v. *Public Utilities Commission,* 104 Ohio St. 158; *Pittsburgh and Lake Erie Rd. Co.* v. *Public Utilities Commission of Ohio,* 128 Ohio St. 469; *Pennsylvania R. Co.* v. *Public Utilities Commission,* 130 Ohio St. 469; *Baltimore & O. S. W. Ry. Co.* v. *Shirk,* 56 Ind. App. 42; *Nashville Traffic Bureau* v. *L. & N. R. R. Co.,* 53 I.C.C. 37; *City of Springfield, Tenn.,* v. *L. & N. R. R. Co.,* 53 I.C.C. 603; *North Packing & Provision Co.* v. *Chicago, B. & Q. R. Co.,* 174 I.C.C. 338, 340; *Ralston Purina Co.* v. *Atlanta, B. & C. R. Co.,* 174 I.C.C. 722, 723; *Wisconsin Retail Lumbermen's Assn.* v. *Ann Arbor R. Co.,* 241 I.C.C. 400; *Ott Coal Co.* v. *Ann Arbor R. Co.,* 253 I.C.C. 677.) III. The Interstate Commerce Commission has sole and exclusive jurisdiction to determine the lawfulness of interstate rates only when such determination requires administrative action by the Commission; otherwise, the courts have jurisdiction to determine the issue. (*G. No. Ry. Co.* v. *Merchants Elev. Co.,* 259 U. S. 285; *Arizona Grocery* v. *Atchison Ry. Co.,* 284 U. S. 370; *Great Northern Ry. Co.* v. *Armour & Co.,* 26 F. Supp. 964; *Indiana Harbor Belt R. Co.* v. *Jacob Stern & Sons,* 37 F. Supp. 690.)

*Per Curiam.* The orders of the Interstate Commerce Commission in *Emergency Freight Charges (1935, Ex Parte No. 115)* (208 I.C.C. 4), and the subsequent proceeding in the same case (215 I.C.C. 439) and the emergency transit rates published as

Items Nos. 70 and 75 of the emergency tariffs override the order of the Interstate Commerce Commission in *Beacon Milling Company* v. *New York Central R. R. Co.* (157 I.C.C. 635), so far as necessary to permit the emergency rates and charges to be applied to the transportation and service here in question. Accordingly, the defendant, if aggrieved by these rates, must find its remedy, if any, in proceedings before the Interstate Commerce Commission. (*Louis. & Nash. R. R.* v. *Maxwell*, 237 U. S. 94, 97; *Pennsylvania R. R. Co.* v. *Titus*, 216 N. Y. 17, 22.)

No appeal having been taken from the denial of the plaintiff's motion, we are without power to direct summary judgment in its favor.

The judgments should be reversed and the defendant's motion for summary judgment denied, with costs in all courts, without prejudice to any proceedings which the defendant may hereafter institute before the Interstate Commerce Commission.

LEHMAN, Ch., J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.