NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* BEACON MILLING COMPANY, INC., Defendant.

Supreme Court, Special Term, Monroe County, January 31, 1945.

---

* See, also, *Rufo* v. *South Brooklyn Sav. Bank,* 268 App. Div. 1057, and cf. *McCabe* v. *Cohen,* 268 App. Div. 1064.— [REP.

*Harris, Beach, Keating, Wilcox & Dale* for plaintiff.

*Gleason & Doyle* for defendant.

VAN VOORHIS, J. The action is brought to recover additional freight charges. Plaintiff made a previous motion for summary judgment returnable May 1, 1941. At the same time defendant noticed a cross motion for summary judgment dismissing the complaint upon the merits. An order was entered dismissing the complaint, reciting the pendency of both motions. It did

not specifically state that plaintiff's motion for summary judgment was denied, but that was the effect of the order. The complaint could not have been dismissed upon defendant's cross motion without *ipso facto* denying plaintiff's application for judgment in its favor.

A judgment dismissing the complaint was entered upon this order. Plaintiff appealed from both order and judgment to the Appellate Division which, by order entered March 10, 1943, affirmed the order of Special Term and the summary judgment entered thereon dismissing the complaint (266 App. Div. 708, leave to Court of Appeals granted 266 App. Div. 901.) Inasmuch as the effect of the order appealed from was to deny plaintiff's motion for summary judgment for the relief demanded in the complaint, that determination was thus affirmed by the Appellate Division. On April 2, 1943, there was entered in the County Clerk's office a judgment of affirmance on the said order of the Appellate Division which affirmed the previous judgment dismissing the complaint. From the judgment of affirmance the plaintiff appealed to the Court of Appeals which reversed the judgment dismissing the complaint and revived the action (293 N. Y. 218). In doing so the Court of Appeals did not award to the plaintiff summary judgment for the relief demanded in the complaint, with the result that neither party now has judgment. The action is pending, without an enforceable mandate of the court in effect, although the Court of Appeals has disposed of the merits of the controversy in favor of the plaintiff. The reason stated in the *Per Curiam* opinion for not giving relief to the plaintiff is as follows: " No appeal having been taken from the denial of the plaintiff's motion, we are without power to direct summary judgment in its favor." The absence of a final determination in favor of plaintiff is attested by the refusal of the Supreme Court of the United States to permit a review by certiorari upon the ground that there has been no final determination of the rights of the parties in the State court. (Certiorari denied, 323 U. S. 783.)

The reason on account of which the Court of Appeals was without jurisdiction to direct summary judgment for plaintiff is manifestly that no appeal was taken to it by plaintiff from the order of the Appellate Division affirming the Special Term order denying plaintiff's previous motion for summary judgment. That was an intermediate order from which plaintiff could not have appealed in any event without permission of the

Appellate Division. (*Kaufman* v. *Metropolitan Life Ins. Co.*, 272 N. Y. 508; *Lawyers Mortgage Co.* v. *330 West 72nd St. Corp.*, 272 N. Y. 641; *Christie Chassis, Inc.*, v. *Christ*, 283 N. Y. 646.) All that the Court of Appeals had before it was the appeal from the judgment affirming the judgment dismissing the complaint which, unlike the order of affirmance by the Appellate Division, did not cover or operate upon the Special Term order insofar as it denied plaintiff's original motion for summary judgment for the additional freight charges.

In making the present motion for summary judgment plaintiff has urged upon the court that its previous motion for the same relief was not disposed of by any order but is still pending, and that it should, in effect, be merged in its present application for the same thing. That is not a correct interpretation of what has occurred. As previously pointed out, a single order terminated plaintiff's previous motion and defendant's cross motion by granting the latter and, by necessary inference, denying the former. That is evidently what the Court of Appeals referred to in saying that there was no appeal from "the denial" of the plaintiff's motion. Consequently plaintiff finds itself confronted with the previous order denying the relief now asked for, which was affirmed by the Appellate Division and not reviewed in the Court of Appeals.

Plaintiff's present motion amounts to an application for the reargument of its previous motion for summary judgment in the light of the decision by the Court of Appeals which, without disposing of the action, decided the questions involved in plaintiff's favor. Rarely will the trial court grant a reargument after its previous determination has been embodied in an order the time to appeal from which has expired. Reargument is denied under such circumstances even where thereafter a decision is made by the court of last resort in another case which, had it been known at the time, would have called for a different determination. There must be an end to litigation, and the courts will not exercise their inherent power to alter previous judgments and orders merely for the reason that the principles of law applied are later considered to have been erroneous.

That there is such inherent power is, however, well established. In Carmody on New York Pleading and Practice, it is stated (Vol. 1, § 394): " A motion which has been denied may, under certain circumstances, be revived and reconsidered. * * * If a renewal is made on the same papers, it amounts to nothing more than a reargument of the motion. If a motion for leave to reargue is made, it will not be granted unless it appears that

there is some decision or some principle of law which would have a controlling effect and which has been overlooked [citing *Nichols* v. *Drew*, 21 Hun 109], or that there has been a misapprehension of the facts; and even in these cases, leave will rarely be granted where there is a remedy by appeal." (Citing *Bolles* v. *Duff*, 56 Barb. 567.) In the same section it is further stated: " In order to prevent vexatious and repeated applications on the same point, however, the practice of the courts has been established to be, that after a motion has once been fully heard and decided, it cannot be renewed unless (a) with leave of the court or judge who denied it, or (b) if made upon presentation of new facts which have occurred since the denial of the previous motion." Numerous New York decisions are cited by the text writer in a footnote holding that permission to reargue is essential on the part of the court or judge who previously denied the relief applied for.

The situation in the present action is in a class by itself. Leave to reargue is not sought by reason of a later decision in the Court of Appeals in another suit. It has decided the merits in plaintiff's favor in this very action. True it is that plaintiff could cause the action to be placed upon the calendar and go through the useless formality of a trial, but that should be unnecessary where the facts are undisputed, and the law has been established. The finality of decided cases will not be disturbed if the court grants permission for a reargument here. Such permission is granted, and an order directed to be entered upon reargument for judgment in plaintiff's favor. A condition is attached, however, to this permission. Defendant's avowed object in continuing to contest this action is to obtain review in the Supreme Court of the United States, which will not allow certiorari except from a final determination after all of defendant's rights to review in the State courts have been exhausted (Judicial Code, § 237; U. S. Code, tit. 28, § 344, subd. [b]). The Court of Appeals allowed plaintiff costs in all courts, and it would appear to be unjust to require defendant to pay duplicate costs in appealing from the judgment now awarded to plaintiff. The defendant will be required to appeal to the Appellate Division and possibly to the Court of Appeals. These appeals will be *pro forma* to lay the foundation for the application for certiorari to the United States Supreme Court. Plaintiff is required to file a stipulation waiving the taxable costs (exclusive of disbursements) upon such appeals, if taken, from the judgment to be entered hereon.