EVAN ELLIS, Plaintiff, *v.* CENTRAL HANOVER BANK & TRUST Co., Defendant.

Supreme Court, Special Term, New York County, January 4, 1951.

*Robert Satter* for plaintiff.

*Alex Gangel* for defendant.

WALTER, J. Motion for reargument brought on without permission is denied, with $10 costs, payable by the moving attorneys personally. Whether or not there should be a reargument is within the discretion of the judge who decided the motion and the Bar should understand by this time that leave of that judge to make the motion should first be obtained (1 Carmody on New York Practice, § 394; *New York Central R. R. Co.* v. *Beacon Milling Co.*, 184 Misc. 187, 191; *Sheehan* v. *Carvalho*, 12 App. Div. 430). The proper practice is to submit to the judge who decided the motion a short affidavit setting forth the decision and the asserted ground for reargument and request an order to show cause. If on reading that affidavit the judge thinks there is reason for reargument he will sign the order to show cause. If he reach the contrary conclusion he will refuse it and the matter is ended without an expenditure of the time and labor necessary to put a motion on the calendar, have the parties answer on the return day, and then have the motion referred to the judge who heard the original motion. I think it appropriate also to remind the Bar that motions for reargument are altogether too frequent and that they should not be made unless founded on papers showing that " some question decisive of the case and duly submitted by counsel has been overlooked by the court, or that the decision is in conflict with the statute or a controlling decision to which the attention of the court was not drawn through the neglect or inadvertence of counsel " (*Fosdick* v. *Town of Hempstead*, 126 N. Y. 651, 652; *People* v. *Patrick*, 183 N. Y. 52, 53).