(May 11, 1953.)

∎

THOMAS CALAGNA, Respondent, v. ASHER GREEN et al., Defendants, and VELODROME GAS STATIONS, INC., Appellant.— In an action to foreclose a mechanic's lien, appellant interposed an answer containing a general denial and four alleged counterclaims. Plaintiff failed to reply to the counterclaims within the time limited therefor, and a subsequent motion to open his default was denied, without prejudice, because of failure to give the requisite notice of motion. Thereafter, on October 4, 1952, another motion for the same relief was denied on the merits. Plaintiff defaulted on the trial, the complaint was dismissed, and judgment was rendered in favor of appellant based upon two of its counterclaims. Plaintiff appealed from that judgment, the notice of appeal stating that the order of October 4, 1952, would also be brought up for review. At the same time, plaintiff moved to vacate the judgment, to open his default in replying to the counterclaims, and to restore the case for trial. The motion was granted to the extent of opening plaintiff's default in replying and permitting the service of a reply, and setting the case down for trial on a specified date, on condition that plaintiff pay appellant one half the costs as taxed and that the judgment remain as security. The appeal is from the order entered thereon. Order modified by striking therefrom the second ordering paragraph, and, as so modified, the order is affirmed, without costs. The moving affidavit sufficiently disclosed the merits of plaintiff's cause of action, and there was no abuse of discretion in opening the default upon the trial, which was due to the illness of plaintiff's trial counsel. However, the default in replying to the counterclaims was improperly vacated. Plaintiff failed to show any meritorious defenses thereto (cf. *Heischober* v. *Polishook,* 152 App. Div. 193, 195; *Fitzgerald Mfg. Co.* v. *Alexander,* 200 App. Div. 164, 168); and in any event the prior determination denying that relief should not have been nullified by a court of co-ordinate jurisdiction. (*Platt* v. *New York & Sea Beach Ry. Co.,* 170 N. Y. 451; *Reynolds* v. *Hults,* 276 App. Div. 978; *Deer Park Restaurant* v. *O'Neill,* 279 App. Div. 932.) Plaintiff's failure to reply will not prevent him from controverting the allegations of the so-called second counterclaim, which in fact is not a counterclaim but a defense (Civ. Prac. Act, § 243), or from contesting the amount of damages claimed in the remaining counterclaims (cf. *McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347). The filing of the notice of appeal from the judgment and intermediate order did not deprive Special Term of jurisdiction over the instant application. (Cf. *People ex rel. Hoffman* v. *Board of Educ.,* 141 N. Y. 86; *Henry* v. *Allen,* 147 N. Y. 346, and *City of Beacon* v. *Asher Bernstein Realty Corp.,* 270 App. Div. 852.) Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.

∎

FABRIC LAUNDRY & DRY CLEANING MACHINERY CORPORATION, Appellant, v. MUNICIPAL WAREHOUSE COMPANY, INC., et al., Respondents.— In an action to recover damages for failure to return merchandise to a bailor, order denying motion to direct entry of a default judgment against defendant Municipal Haulage Company, Inc., and to strike out the answer of defendant Municipal Warehouse Company, Inc., affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.