## POLLACK v. ASPBURY et al.

United States District Court
S. D. New York.
July 14, 1953.

Sigmund Pollack, pro se.

Rosen & Rosen, Poughkeepsie, N. Y., for Paul Rosen, Morris Siegel.

Leonard J. Supple, Beacon, N. Y., for Leonard J. Supple, W. Vincent Grady, J. Gordon Flannery.

James E. Carroll, Poughkeepsie, N. Y., for James T. Aspbury, David G. McCullough, George N. Kaye, individually and as Executor of the Estate of Daniel J. Gleason, deceased; Isaac M. Deuel, as Executor of the Estate of Harry L. Parsons, deceased; E. S. McCullough.

James E. Carroll, Jr., Poughkeepsie, N. Y., for James E. Carroll.

R. Lewis Townsend, Poughkeepsie, N. Y., for John B. Hoppe, The Millerton National Bank, Bank of Millbrook G. Hobbs, M. Hobbs, Timely Clothes, Inc., Marion Traver Loop.

Benjamin Gassman, New York City, for Benjamin Gassman, Samuel Gale, Jr.

Nathaniel L. Goldstein, Atty. Gen., of New York, for George M. Searle, Charles W. U. Sneed, Frederick G. Schmidt, John R. Schwartz, Lawrence E. Walsh.

Joseph D. Quinn, Jr., Poughkeepsie, N. Y., for Dorothy Quinterro, Clarence J. Drake.

Guernsey, Butts & Walsh, Poughkeepsie, N. Y., for Poughkeepsie Trust Co.

Davies, Hardy, Schenck & Soons, New York City, for International Business Machines Corp.

J. Edward Lumbard, Jr., U. S. Atty., New York City, for W. F. Harper.

Montgomery, Effron & Goldberg, Poughkeepsie, N. Y., for William Harry Montgomery.

KNOX, Chief Judge.

The complaint in this action contains 237 typewritten pages, together with a supplement of four more. Fifty persons and corporations are named as defendants. A considerable number of these defendants are citizens and residents of the State of New York, as is the plaintiff.

Several of such defendants have moved for dismissal of the complaint upon the ground (1) that plaintiff's pleading does not set forth that there is diversity of citizenship between them and the plaintiff; that plaintiff does not set forth that a federal question is here involved; that the

suit does not arise under the Constitution of the United States or under the provisions of a federal statute, and further, that this Court is without jurisdiction over the moving defendant and that the complaint fails to state a claim upon which this Court can give relief.

Other motions seek to restrain plaintiff from conducting examination before trial of the said moving defendants until a decision of the motions to dismiss shall have been decided.

Among those sued are the Governor of the State, several Supreme Court Justices, the executors of the estate of two deceased Surrogates of Dutchess County, and a number of lawyers who are engaged in the practice of the law in and about the City of Poughkeepsie, New York.

Among the corporate defendants are Millerton National Bank, Poughkeepsie Trust Company, Bank of Millbrook and International Business Machine Corporation. I may add that the wife of Governor Dewey is named as a defendant. Plaintiff also seeks to hold to liability a number of persons residing in states other than New York.

The gravaman of the complaint, so far as I am able to interpret its rambling and almost incoherent allegations, is that due to a far flung and evil conspiracy which was engaged in by the defendant so named, he has been deprived of his rights and title to certain real estate located at Millerton, New York; that he was the victim of extortion practiced upon him by numerous judicial officers, and that he was assaulted and injured by certain members of the State police force; that he was improperly charged with violations of the Volstead Act, and that, as a result, he has been separated from his wife and children, and that as a result of physical assaults made upon him his health is impaired, and his mental suffering accentuated.

Plaintiff seeks relief as follows:

(1) That a foreclosure proceeding affecting a part of the Millerton property be vacated and that plaintiff be restored to its possession.

(2) That a deed to the "factory" property in Millerton be executed and delivered to plaintiff.

(3) That the Court adjudge and decree the land adjoining the factory property and the dwelling thereon be returned to plaintiff.

(4) That a receiver pendente lite be appointed to take charge of the foregoing real estate and to manage the property and collect the income therefrom.

(5) That plaintiff be awarded damages in the amount of $300,000 as damages for defendants' unlawful interfering with plaintiff's real estate.

(6) That certain defendants be assessed damages of $504,674.65 for their alleged improper acts.

(7) That certain defendants be adjudged to pay him damages for interference with his property, and that he be restored to possession of the same.

(8) That certain defendants be required to pay him $75,000 damages in an accounting proceeding in the Surrogate's Court of Dutchess County.

(9) That some of the defendants account for money paid out as taxes and expenses on the real estate.

(10) That he receive a judgment of $500,000 against defendants for libelous and slanderous statements made against him.

(11) That he be awarded punitive damages in the amount of $1,000,000.

Plaintiff asks that he have certain other remedies but these items, I think, need not be specified.

What I have already said is enough to indicate the nature of this law suit and to show that it is without bounds of reason.

Inasmuch as there is no diversity of citizenship between plaintiff and the defendants who have moved for a dismissal upon that ground, the complaint must be dismissed.

However, some of the defendants have not yet been served, and who, so far, have asked for no relief. I feel it incumbent upon me to save these persons from expense, harassment and annoyance. For

this reason, and upon my own motion, I shall dismiss the complaint as to each and all of the defendants.

The reason is this: The complaint is nothing less than a diatribe against many persons, living and dead. Numerous allegations are libelous, scandalous, vituperative and impertinent. Indeed, some of them are little short of obscene. Attention is directed to some of the charges contained in the complaint:

Page 27:

"Defendant Aspbury who had an active, creative and inventive mind just for these types of criminal acts. He is known as a first class shake down artist, crook, thief, Liar Extra Ordinary. Faker, swindler, briber, grafter, jury fixer, perjurer, extortionist, home breaker, and a double crosser."

Page 29:

"Paul Rosen, a typical gangster type of a shyster lawyer * * *".

Page 33:

"That on August 23, 1930, plaintiff filed serious criminal charges and complaint against defendants Case, Tanner, Tappey and Hastings with the Governor of the State of New York. That on July 4, 1930, (by above named defendants (plaintiff) was beaten up needlessly and wantonly as heretofore fully stated. That thereafter defendant Captain Albert B. Moore, the Don Juan of the New York State Police, a typical *Whore Master*, and a *Bastard* of a character who has no scruples, respect for any woman, was accompanied by defendant George M. Searle. These couple of *Mad Sex Crazy Maniacs* whose record among *Women* is worse than bad. That the defendants above named called on plaintiff's place of business * * *. Made all kinds of threats for which the New York State Troopers are famous for. They said to plaintiff:

" 'Dead men tell no tales. What those four New York State Troopers gave you on July 4, 1930, was just a sample. Next time they will hang you not with a *rope* around your neck but with a piano wire which will be more painful. * * *' "

"That defendant Moore, is the individual on account of whom a decent and respectable Woman committed suicide * * *".

Page 35:

"That the New York State Police and Troopers, from the Superintendent to private, are a *Graft Ridden* lot, 365 days a year. Something the Kefauver Senate Crime Investigation Committee failed to question them whey (when they) had the Superintendent of the New York State Police and his deputy on the carpet. Perhaps defendant Thomas Edwin Dewey exerted all kinds of political pressure not to question hereinabove mentioned Police Officers in order to save his own neck."

Page 37:

"That Surrogate Gleason, (now deceased) was known to be a double crosser, and notorious for veracity in lying. He not only double crossed plaintiff and good many others, but his own faith * * * as well. He was ashamed to be buried after he committed suicide on May 5, 1942, with his own parents * * *".

Plaintiff's pleading is replete with defamatory statements and allegations such as I have quoted. It would be possible indefinitely to continue recitals such as are contained herein. However, what has been quoted is enough, I think, to show that plaintiff's complaint is a long series of unrestrained and venomous attacks upon persons and corporations against whom he has a grudge. It is indecent, and violative of every rule of pleading of which I have knowledge. It should not be permitted to pollute the records of this Court. Consequently, I will direct that it be stricken from the files of the Clerk.

In addition, I wish to say that if plaintiff should again file a pleading such as that now before me, I shall not hesitate to cite him for contempt of court.