## DE WINDT v. O'LEARY.

United States District Court,
S. D. New York.
Feb. 2, 1954.

916

Mabel de Windt, pro se.

Nathaniel L. Goldstein, Atty. Gen. of the State of New York, for defendant, Theodore P. Halperin, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Plaintiff, appearing in person, alleges a claim charging the defendant with the violation of her rights under the Civil Rights Act.[1]

The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., or, in the alternative, to dismiss the action on the ground the complaint fails to state a claim against defendant upon which relief can be granted. The plaintiff cross moves for judgment on the pleadings.

The complaint in substance charges that the defendant, an assistant calendar clerk of Special Term Part III of the Supreme Court of the State of New York "neglected" to place a motion authorized by the New York Civil Practice Act, § 118, on the calendar as required by Rule III of the Rules of the Supreme Court of the State of New York, County of New York, Special Term Part III; that such "negligence" was "wrongful, wanton and unlawful" and violated § 1981 of Title 42 United States Code Annotated, which provides: "All persons * * * shall have the same right in every State * * * to sue * * * and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens * * *."

Section 118 of the New York Civil Practice Act,[2] under which plaintiff alleges she made her motion which defendant neglected to place on the cal-

1. 42 U.S.C.A. §§ 1981, 1983 (old 8 U.S.C. A. §§ 41, 43).

2. "If an application for an order, made to a judge of the court or to a county judge, is wholly or partly refused, or granted conditionally, or on terms, a subsequent application in reference to the same matter and in the same stage of the proceedings shall be made only to the same judge or to the court. * * *"

endar, in substance provides that subsequent applications on the same facts in matters once determined shall be made only to the judge or court who had decided the original matter. The decisions are in accord that under this section a motion once denied cannot be renewed upon the same facts without leave of the same judge who had denied it; further, that the grant of leave to reargue or reconsider rests in the sole discretion of that judge.[3]

We consider the present motion against the background of the foregoing statutes and state court rulings.

The affidavits submitted on the present application for summary judgment are uncontroverted and establish the following: Plaintiff instituted an action in the Supreme Court of the State of New York against her husband, one other person, and the City of New York, to recover $10,000 for materials and labor allegedly supplied by her to certain premises in New York City and to foreclose a mechanic's lien against the premises. A motion by her for a judgment on the pleadings was denied by Supreme Court Justice Morris Eder on November 6, 1953. On or about November 27, 1953, she presented to a clerk of the court, other than the defendant, papers entitled, "Renewal of Motion for Judgment on the Pleadings." Since the motion was a petition for reargument of the previous motion, the clerk conferred with Judge Eder, who refused consent to reargument. Plaintiff was then advised that under § 118 of the Civil Practice Act permission of the judge who had heard the original motion was required and had been refused. Thereafter, this defendant received a special delivery registered envelope for which he signed a receipt. It contained motion papers entitled, "Motion to Va-

cate and Reconsider." The notice of motion was dated December 3, 1953, and made returnable on the 9th of December, 1953. These papers sought to raise the same issues presented by the papers previously submitted to, and rejected by, Judge Eder. The clerk who had previously presented the papers to Judge Eder when plaintiff first sought reargument again took the recently-arrived papers to the Judge; and again Judge Eder refused to consent to a reargument. The sole connection of this defendant in this whole process was to sign the return receipt for the registered envelope.

■■ The plaintiff argues that the defendant, notwithstanding the refusal of the judge to grant reargument, was required under Rule III of the Special Term III Calendar Rules to place the motion on the calendar. This contention is without merit, and the practice desired by plaintiff is precisely what the New York Courts seek to avoid:

"* * * The proper practice [on applications for reargument] is to submit to the judge who decided the motion a short affidavit setting forth the decision and the asserted ground for reargument and request an order to show cause. If on reading that affidavit the judge thinks there is reason for reargument he will sign the order to show cause. If he reach the contrary conclusion he will refuse it and the matter is ended without an expenditure of the time and labor necessary to put a motion on the calendar, have the parties answer on the return day, and then have the motion referred to the judge who heard the original motion."[4]

Had the clerk disregarded Judge Eder's refusal to grant leave to reargue

3. Ellis v. Central Hanover Bank & Trust Co., 198 Misc. 912, 102 N.Y.S.2d 337; New York Central R. Co. v. Beacon Milling Co., 184 Misc. 187, 53 N.Y.S.2d 405; 1 Carmody's New York Practice, § 394.

4. Ellis v. Central Hanover Bank & Trust Co., 198 Misc. 912, 102 N.Y.S.2d 337. See also Platt v. New York & Sea Beach Ry. Co., 170 N.Y. 451, 63 N.E. 532; Reynolds v. Hults, 276 App.Div. 978, 94 N.Y.S.2d 890; Calagna v. Green, 281 App.Div. 1033, 121 N.Y.S.2d 192.

he would have extended a privilege to plaintiff denied to all other litigants under New York law. No federal statute requires state officials to discriminate in favor of this plaintiff.

Plaintiff's remedy in the event she thought her original motion had been incorrectly decided was to appeal in the state courts or to comply with the procedure with respect to motions for reargument. This is no civil rights action; rather, it seeks to distort objectives of the civil rights legislation. There is no substance either in law or in fact for the commencement or the maintenance of the present suit.

Defendant's motion for summary judgment is granted.

Settle order on notice.