Mrs. Thelma Morse **WALLE**, widow of Haakon Walle, Deceased, Libellant,

v.

John **DALLETT**, Respondent.

United States District Court
S. D. New York.

May 13, 1955.

See, also, 135 F.Supp. 390.

Thelma Morse Walle, pro se.

Machlin, Speer, Hanan & McKernan, New York City, for respondent.

WEINFELD, District Judge.

■ The Court has winnowed through the verbose libel and the other papers of similar character submitted by libellant, and apparently she is attempting to assert a claim for damages for the death of her husband based upon the respondent's failure to secure payment of compensation or to avoid payment thereof, 33 U.S.C.A. §§ 905, 938(a) and (b), and also a claim for deprivation of her civil rights under 42 U.S.C.A. § 1983. However, the pleading is not only verbose and redundant but is scandalous and vituperative and if for no other reason must be stricken for violation of Admiralty Rule 35, 28 U.S.C.A., and Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The fact that libellant appears in person does not give her license to file a scandalous and abusive pleading. While the Court is disposed to take into account the circumstance that she has prepared her own pleading, the present libel cannot be permitted to stand. Libellant will, however, be given an opportunity to plead anew her claim arising out of the alleged failure to carry compensation, but is admonished that her amended pleading must comply with the Court rules.[1]

■ However, as to the purported claim for violation of civil rights, no facts are set forth to support the same, nor does there appear to be any basis upon which it can be asserted, and accordingly it is dismissed.[2]

■ I have considered the respondent's plea for a complete dismissal upon the further ground that any claim is barred since the libel was filed more than seven years after the decedent's death and there is no affirmative pleading of facts to overcome the presumption of prejudice.[3] However, there is a suggestion in libellant's papers that she may be in a position to assert facts to overcome the plea of laches.

Settle order on notice.

1. Pollack v. Aspbury, D.C.S.D.N.Y., 14 F.R.D. 454.

2. Cf. DeWindt v. O'Leary, D.C.S.D.N.Y., 118 F.Supp. 915.

3. Redman v. United States, 2 Cir., 176 F.2d 713; The Sydfold, 2 Cir., 86 F.2d 611.