**M. Shafi I. MOTTAGHI–IRAVANI, Plaintiff,**

v.

**INTERNATIONAL COMMODITIES CORP. and/or Max Rosenhirsch and/or David Z. Anatole, Randolph E. Valensi, Barkey Importing Co., Inc., Isthmian Steamship Company, Saul Gordon, Esq., Kressel & Meyerson, Esqs., Saul Katz, Esq., David Avstreth, Esq., Walter M. Weisberg, Esq., Defendants.**

United States District Court
S. D. New York.
July 11, 1956.

Kirlin, Campbell & Keating, Walter P. Hickey, New York City, for defendant Isthmian S. S. Co.

Louis Fischoff, New York City, for defendant Walter M. Weisberg.

M. Shafi I. Mottaghi-Iravani, in pro. per.

WEINFELD, District Judge.

Plaintiff, appearing in person, has served an eighty paragraph complaint purporting to set forth six separate claims against corporations and individuals with some of whom he has been engaged in prior litigation and wherein adverse judgments were rendered against him; also named as defendants are attorneys who appeared for one or more of the successful litigants in such prior litigations.

I have carefully read the disparate and in many instances unrelated allegations of the complaint which abound with charges of deception allegedly practiced by one or more defendants but fail to understand just what claim plaintiff is attempting to assert against any defendant. Here and there is a suggestion that some of the defendants are charged either with perjury or subornation of perjury as a result of which attachments issued in the state court were upheld and also resulted in adverse judgments against the plaintiff in matters tried in this Court. Even the liberal rule of pleading enunciated in Dioguardi v. Durning, 2 Cir., 139 F.2d 774, will not permit this alleged complaint to pass muster. While plaintiff has a right to appear in person, this does not excuse unwarranted, scandalous and vituperative allegations. As I have said in another matter, "[T]he pleading is not only verbose and redundant but is scandalous and vituperative and if for no other reason must be stricken for violation of * * * Rule 12(f) of the Federal Rules of Civil Procedure, 28 U. S.C.A. The fact that libellant appears in person does not give her license to file a scandalous and abusive pleading. * * * [She] will, however, be given an opportunity to plead anew her claim * * * but is admonished that her amended pleading must comply with the Court rules".[1] The plaintiff herein is specifically so admonished.[2]

The respective motions of each of the defendants is granted but with leave to serve an amended complaint.

It is suggested that plaintiff retain such counsel as he may be advised so that if in fact he has a claim or claims they may be properly asserted.

Settle order on notice within five days.

---

1. Walle v. Dallett, D.C.S.D.N.Y., 136 F. Supp. 102, 103.

2. Cf. Pollack v. Aspbury, D.C.S.D.N.Y., 14 F.R.D. 454.