The **PEOPLE OF the STATE OF NEW YORK**, Respondent,

v.

**Lawrence WOOD, Petitioner.**

United States District Court
S. D. New York.

Feb. 15, 1966.

Gerard E. Molony, New York City, for petitioner.

Morton B. Silberman, Dist. Atty., Rockland County, N. Y., Orville H. Mann, Jr., Asst. Dist. Atty., of counsel, for respondent.

BONSAL, District Judge.

On October 7, 1965, petitioner Wood filed a petition pursuant to Title 28 U.S. C. § 1443 [1] for removal to this court of proceedings against him in the Court of Special Sessions of the Town of Clarkstown, Rockland County, New York. Respondent moves that the proceedings be remanded to said Court of Special Sessions.

Petitioner was to be tried before Judge William E. Vines, Justice of the Peace of Rockland County, on charges of violating the New York Penal Law, McKinney's Consol.Laws, c. 40, Art. 88, § 986 (engaging in bookmaking) and § 986–b (possession of bookmaking records). In his petition for removal, he contends that trial before Judge Vines, who has no formal legal training, would violate his rights under the 14th Amendment.

---

1. "§ 1443. Civil rights cases

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; * * *."

■ Petitioner has failed to show any basis for removal under § 1443.[2] His contention that he will be denied due process if he is tried before a lay judge does not entitle him to invoke federal jurisdiction. As stated in People of State of New York v. Galamison, 342 F.2d 255 (2d Cir. 1965) at p. 271:

"(5) When the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all."

Also, see Peacock v. City of Greenwood, 347 F.2d 679, 682 (5th Cir. 1965) (" * * the due process clause is not a law providing for *equal* rights within the contemplation of the removal statute.").

■ Petitioner's claim that trial before Judge Vines would violate his right to equal protection is also insufficient as a basis for removal under § 1443. Petitioner argues that under Art. 6, § 20, subd. c of the New York Constitution, Justices of the Peace need not be lawyers but have the same criminal jurisdiction as judges in the Criminal Court of the City of New York who must be lawyers admitted to practice in the State for five years (Art. 6, § 20, subd. a). But under § 57 of the New York Code of Criminal Procedure, petitioner for good cause shown, may have the proceedings against him removed from the Court of Special Sessions and certified to the Grand Jury of Rockland County and, in the event of indictment, have a trial in a court of record of that county where the judge would be a lawyer.

■ To justify removal under § 1443, petitioner must show that a State statutory or constitutional provision on its face deprives him of equal protection, Commonwealth of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633 (1905), or that State law has been applied to deprive him of equal protection. Rachel v. State of Georgia, 342 F.2d 336 (5th Cir. 1965). Moreover, not every denial of equal protection will justify removal, but petitioner must show that he is deprived of his "equal civil rights" such as would be the case where he is discriminated against because of race. Peacock v. City of Greenwood, 347 F.2d 679, 682 (5th Cir. 1965); Steele v. Superior Court of California, 164 F.2d 781, 782 (9th Cir. 1948). In view of the provisions of § 57 of the New York Code of Criminal Procedure, petitioner has failed to show a denial of equal protection, much less a deprivation of equal civil rights.

Therefore, the court grants respondent's motion that the criminal charges against the petitioner be remanded to the Court of Special Sessions of the Town of Clarkstown for further proceedings.

It is so ordered.

---

2. Petitioner has also failed to allege any grounds for relief under Title 42 U.S.C. § 1983 which provides that any "person who, under color of any statute * * * of any State * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights * * * secured by the Constitution and laws, shall be liable to the party injured in an action at law * * *." This claim was neither briefed nor argued and petitioner's conclusory statements as to the denial of his constitutional rights are wholly inadequate, Walle v. Dallett, 136 F.Supp. 102 (S.D.N.Y.1955), particularly when considered in light of the broad judicial immunity available under this section. Saier v. State Bar of Michigan, 293 F.2d 756, 761 (6th Cir. 1961).