516

■ MILTON H. KATZ, Individually and as Trustee under the Will of HERMAN KATZ, Deceased, et al., Respondents, v. TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT et al., Appellants.— Order, Supreme Court, New York County, entered on September 8, 1971, granting plaintiffs' motion for an order relieving them of their default in serving answers to interrogatories and vacating the judgment entered herein on July 8, 1970, dismissing the action by reason of such default, reversed, on the law and on the facts, the motion denied and the judgment reinstated. Appellants shall recover of respondents $30 costs and disbursements of this appeal. Plaintiffs have not factually demonstrated that they are entitled to the relief sought. This action was commenced by service of a summons alone in May, 1969. A complaint ·was served in December, 1969 and issue was joined the following month. A motion to compel answers to interrogatories was granted on default on March 5, 1970 and defendants' motion to dismiss the complaint for failure to comply with said earlier order was, on July 2, 1970, likewise granted on default. Judgment dismissing the complaint, with $25 costs, was entered on July 8, 1970. On February 10, 1971 a check in the sum of $25, in satisfaction of the judgment, was received from the law firm of Bernstein, Weiss, Porter, Coplan and Weinstein, and a satisfaction piece was executed and forwarded by defendants' attorneys the following day. It was not until June 17, 1971 that the instant motion was made. Plaintiffs' attorney, in his affidavit in support of this motion, attempts to explain away the payment of the judgment by stating that "Neither I nor my clients were aware of this fact". However, conspicuously missing from the affidavit of his client, Milton H. Katz, is any denial of such knowledge. It is to be noted that there is no denial of the statement contained in the affidavit of Simon Greenhill, offered in opposition to the motion to vacate, that the judgment was satisfied on behalf of plaintiffs, in connection with a sale by plaintiff, Milton H. Katz, of 351 Amsterdam Avenue, in which he was represented by the above-mentioned Bernstein law firm. In view of this fact it is highly improper for the plaintiffs to have allowed their present attorney to state that this satisfaction of judgment took place without plaintiffs' knowledge. This also accounts for the failure of Milton H. Katz to make this claim in his own affidavit. Hence, it appears that plaintiffs knew of the default at the latest in February, 1971 and, instead of moving to vacate the default at that time, they permitted the judgment to be paid. They then failed to do anything to vacate the judgment until more than four months later. The attempt to use the death of a partner in the law firm as an excuse for the neglect of this case by the plaintiffs is unconvincing as we see no connection between the two. Attention is called to the fact that the plaintiffs were represented by a law firm consisting of two names, Begun and Raff. In the affidavit offered in support of the motion to vacate, Mr. Raff admits that he was fully aware of the existence of the law suit in his office, although he claims that his knowledge of the facts involved was limited. He also admits that he had occasionally assisted Mr. Begun in connection with this action. In view of these facts it is difficult to believe that the entire cause for the neglect of this law suit was the passing of Mr. Raff's partner. Concur — Stevens, P. J., Murphy and Capozzoli, JJ.; McGivern and Nunez, JJ., dissent in a memorandum by Nunez, J., as follows: We would affirm. In this action to recover on fire insurance policies, defendants served interrogatories upon plaintiffs simultaneously with the service of the answer. In July, 1970 defendants' motion to dismiss the complaint for failure to serve the answers to the interrogatories was granted by default, with $25 costs. The costs were paid and the judgment satisfied in February, 1971

by a successor owner of the insured premises to discharge the lien. Plaintiffs assert that they first learned of said judgment in June, 1971 when their attorney received notice thereof from defendants' attorney. The answers had actually been prepared, signed and sworn to by one of the plaintiffs in June, 1970. However, the attorney in charge of plaintiffs' case was seriously ill in 1970 and the answers were not served. The attorney died in September, 1970. The surviving member of the two-man law firm moved promptly upon discovery of the facts to vacate the dismissal and to direct acceptance of the answers. Special Term, in the proper exercise of discretion, granted the application. We should not disturb it. The illness of an attorney has been held to be sufficient grounds for excusing a default. (See *Calagna* v. *Green*, 281 App. Div. 1033.) Illness resulting in death should certainly be much more compelling. No prejudice to defendants has been shown. Plaintiffs should not be deprived of their day in court in this contract action for the claimed dereliction of their attorneys. This record does not justify interference with the proper exercise of discretion.