Carmen R. STANFIELD

v.

Betty W. HORN, et al.

No. 3–88–0168.

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 18, 1988.

See also 704 F.Supp. 1487.

Carmen R. Stanfield, Nashville, Tenn.,
pro se.

William E. Young, Office of the State
Atty. Gen., Nashville, Tenn., for defend-
ants.

MEMORANDUM

HIGGINS, District Judge.

On February 25, 1988, the plaintiff, Car-
men R. Stanfield, a black female, filed this
action against the defendants, Betty W.
Horn, Administrator of the Board of Law
Examiners of Tennessee; Charles W. Bur-
son, President of the Board of Law Exam-
iners of Tennessee; Lowry F. Kline, Vice-
President of the Board of Law Examiners
of Tennessee; and H. Lee Barfield II, Sec-
retary of the Board of Law Examiners of
Tennessee, alleging that the defendants vi-
olated the plaintiff's rights to due process
and equal protection by conspiring to in-
sure the plaintiff's failure of the February
1987 Tennessee Bar Exmaination and fail-
ing to admit her to the Tennessee Bar.

On March 17, 1987, the defendants filed
a motion to dismiss on the grounds that the
Court lacked subject matter jurisdiction
over the plaintiff's claim and that the plain-
tiff failed to state a claim for which relief
could be granted. By an order entered
March 30, 1988, the defendants' motion to
dismiss was referred to the Magistrate pur-
suant to 28 U.S.C. § 636(b)(1)(B). On Sep-
tember 30, 1988, the Magistrate filed his
Report and Recommendation. The Magis-
trate recommended that the defendants'
motion to dismiss be granted and that the
plaintiff's complaint be dismissed for lack
of subject matter jurisdiction. On October
17, 1988, the plaintiff filed her objections to
the Magistrate's Report.

The plaintiff's objections fill one-hundred
and seventeen pages and are accompanied
by an appendix of two hundred and fifty-
three pages. The plaintiff begins her ob-
jections with the statement:

> In the magistrate's report, not only did
> the magistrate *deliberately, willfully,*
> *intentionally* and *wrongfully* substitute
> the facts of the plaintiff's case with the
> facts of the *Hampton* case and the *Feld-*
> *man* case, but also the magistrate *delib-*
> *erately, willfully, intentionally* and
> *wrongfully distorted, misrepresented,*
> *falsified* and *misinterpreted* some essen-
> tial facts of the plaintiff's case to make
> the facts of the plaintiff's case seem as
> though they were the same as the facts
> of the *Hampton* case and the *Feldman*
> case ... (emphasis added).

In addition, the plaintiff continues through-
out her objections to cast aspersions on the
integrity of the Magistrate. For example,
on page 21 of the objections she states:

> The above quoted phrase, 'After receipt
> of her test scores on April 11, 1987,' on
> which the Magistrate relied in the Magis-
> trate's analysis of and report on the facts

not only distorts, misrepresents and falsifies the facts, but irrefutably and incontrovertibly proved [sic] that the Magistrate *lied.* (emphasis added)

The Court does not see any reason to set forth the content of all of the plaintiff's accusations. Suffice it to say that the plaintiff's improper comments permeate her objections. Therefore, in the interests of justice, the Court chooses to exercise its right under Fed.R.Civ.P. 12(f) and strike the plaintiff's objections. Rule 12(f), Fed. R.Civ.P., provides in pertinent part:

> Upon motion made by a party ... or upon the court's own initiative at any time, the Court may order stricken from any pleadings ... any redundant, immaterial, impertinent, or scandalous matter.

A scandalous matter is that which improperly casts a derogatory light on someone, most typically a party to the action. Wright and Miller, *Federal Practice and Procedure* § 1382 (1969). There can be no question that the accusations made against the Magistrate in the plaintiff's objections are scandalous. In fact, these objections are little more than a diatribe against the Magistrate. Numerous statements are libelous, scandalous, vituperative and impertinent and although the Court has quoted only a few of those statements, it would be possible to continue almost indefinitely a recitation of statements similar to those quoted above. The Court believes that the statements quoted above are sufficient to show that the plaintiff's objections are a long string of unrestrained and venemous attacks against the Magistrate. They are indecent and violative of every rule of pleading and should not be permitted to pollute the records of the Court.

The Court notes that this is not the first time that Ms. Stanfield's comments have been improper and untenable. In a hearing held on June 22, 1988, Ms. Stanfield was admonished about making unfounded assertions and accusations against her adversaries. Apparently, an admonishment was not sufficient to convince Ms. Stanfield

that unwarranted accusations have no place in a court of law.

Therefore, it is clear that harsher measures must be taken. Accordingly, the plaintiff's objections to the Magistrate's Report are stricken.[1] The plaintiff has twenty (20) days from the entry of this order on the docket to make any proper objections to the Magistrate's Report. However, if the plaintiff should again file a pleading such as the objections which have been stricken, the Court shall not hesitate to cite her for contempt.

An appropriate order will be entered.

---

1. Although the Court cannot find a case in which objections to a Magistrate's Report have been stricken for scandalous matter, the courts have occasionally exercised their right to strike scandalous matter from a pleading by dismissing the plaintiff's complaint. *See e.g., Pollack v. Aspbury,* 14 F.R.D. 454 (S.D.N.Y.1953). *See generally Wright* § 1382, *supra,* n. 10, 18.