Frank Del Vecchio, J.
This is a motion to open the default of plaintiff in proceeding to trial, to vacate the dismissal of the action under rule 302 of the Buies of Civil Practice and to restore it to the Trial Calendar.
On December 6, 1952 plaintiff was injured while engaged in the course of his employment and immediately applied for and received relief under the Workmen’s Compensation Law.
*249 On December 29, 1952 he commenced a third-party action against the defendant (now a dissolved corporation) and issue was joined on January 21, 1953.
It appears that the case was noticed for the Trial Term for March, 1953 and reached the Day Calendar in November, 1953; that between that date and January, 1956 it was on the Day Calendar about 18 times, that a jury was ordered on two separate occasions when, although defendant was ready to proceed with the trial on each occasion, it was put over at the request of plaintiff; that the case was also pretried by two different Justices and settled once; that after plaintiff refused to accept the terms of settlement the attorney of record who “ felt the case was weak in the liability ’ ’ withdrew therefrom and plaintiff consulted three other attorneys, retaining one of them before he retained his present attorney who merely states that plaintiff has a meritorious cause of action without giving the facts upon which his conclusion is based. It also appears from the General Calendar for January, 1956 that the case had been pretried, passed once and put over the term eight times.
The case could have been stricken from the calendar after it had gone over the term four times. Instead of this, the case remained on the calendar until March 5, 1956 when, in the presence of counsel for both parties, it was properly marked off the calendar and placed on the general docket. Since no application was made to restore it within one year from the date it was taken off the calendar it was deemed abandoned and properly dismissed for failure to prosecute on March 6,1957. Pursuant to rule 302 of the Rules of Civil Practice it cannot now be restored to the calendar. (Klein v. Vernon Lbr. Corp., 269 App. Div. 71.)
The sole question presented is whether the papers submitted in support of the motion, and the circumstances therein set forth, are sufficient to warrant opening the default.
The law is well settled that the moving papers of a plaintiff seeking to open a default must contain a factual showing that he had a meritorious cause of action and that there is a likelihood that he would succeed if the default were opened. (Lyons v. New York R. T. Corp., 260 App. Div. 1019; Hurta Realty Co. v. Greenstone, 184 N. Y. S. 477, and cases cited therein.) The motion papers before the court are wholly lacking in this respect.
Furthermore, the facts contained in the affidavits do not make a case for the exercise of judicial discretion in favor of the movant. It was the obligation of the plaintiff to prosecute the action with reasonable diligence or to explain and excuse an unreasonable delay. (Balaka v. Stork Restaurant, 3 A D 2d 857.) He has failed to meet either of these requirements.
*250 This court is of the opinion that a lapse of nearly six years in prosecution of the action, which was repeatedly delayed by the plaintiff through no fault of the defendant, whose witnesses may not now be available, together with the lapse of two years and nine months before an application is made to open the default, without sufficient explanation or excuse for the delay, justifies a denial of the application. (Lanzone v. Cariola, 279 App. Div. 980; Lopez v. Vesce, 4 A D 2d 1032.)
Prepare order accordingly.