James A. Roe, Jr., J.
Plaintiff moves for an order vacating the dismissal of the complaint in this action for failure to proceed *103 to trial on September 11, 1962, and vacating the judgment of dismissal entered herein on September 14, 1962.
Defendant urges that the motion should be denied because plaintiff has failed to show a reasonable excuse for the default, which it contends was deliberately suffered, and also because there is no merit to this action.
The action is to recover a money judgment for damages allegedly sustained by eason of defendant’s breach of a contract of bailment, in that di ring the course of the bailment, most of the leased trucking equipment embraced in the bailment were allegedly either damag 3d or entirely destroyed by reason of the alleged negligence of the defendant’s employees.
The defendant by its amended answer to the complaint in the action has denied the material allegations of the complaint, and sets forth two separate affirmative defenses, first, that the alleged agreement between plaintiff and defendant was entered into as a cloak for an illegal relationship between the parties in violation of Federal laws and Regulations of the Interstate Commerce Commission, and that plaintiff may not benefit from such illegal agreement; and second, that plaintiff was contributorily negligent by reason of its failure to properly maintain the leased equipment and had knowledge and notice of the defective and dangerous condition thereof and neglected to repair or replace the same.
From all the papers submitted on this motion, it appears that the facts leading up to and culminating in the dismissal of the complaint herein are substantially as follows:
This action was commenced on or about March 21, 1958; note of issue was filed and served for the June 1961 Term, more than three years after the action was begun.
That at the time plaintiff served and filed its note of issue, plaintiff claimed ana obtained a preference under rule VI of the Rules of the Supreme Court, Queens County and the case was thereafter placed on the Ready Day Calendar.
That this case was on the Ready Day Calendar six times prior to its appearance on the calendar in September, 1962, when it was dismissed, to wit, September 7, 1961, November 20, 1961, January 8,1962, February 26,1962, April 23, 1962 and June 12, 1962. Plaintiff was not ready to go to trial on any of these occasions. On the first three occasions the plaintiff requested adjournments. Shortly prior to February 26, 1962, the firm of Rosenman Colin Kaye Petschek & Freund was retained as trial counsel for the defendant and requested an adjournment of one month to permit adequate preparation. However, plaintiff’s trial counsel wanted the case adjourned for two months which *104 was done upon the understanding that the case would be tried when it appeared on the calendar in April, 1962. But trial counsel for plaintiff was not ready to proceed to trial on April 23,1962, because he stated he had a number of other eases to try and, at his request, the case was adjourned to June 12, 1962, for assignment for trial in the early part of September, 1962.
That on June 12, 1962, the court set the case down for September 7, 1962, to pick a jury. That it was agreed on June 12, 1962, that this case would be tried on September 7, 1962, and in reliance thereof, defendant’s counsel prepared the case and subpoened 15 witnesses.
That after the aforesaid preparation by defendant’s trial counsel on September 5, 1962, plaintiff’s trial counsel informed the former that he was not ready and wanted a further adjournment; defendant’s trial counsel informed him, however, that he had more than 15 witnesses available and was ready to proceed to trial and refused to consent to a further adjournment.
That when this action appeared on the calendar on September 7, 1962, defendant was ready for trial, but that Mr. Stark, a member of the firm of Bendes, Stark & Amron, the attorneys for the plaintiff, appeared and presented an affidavit for an adjournment to September 17, 1962, but the court refused to grant the adjournment or to accept the affidavit and told Mr. Stark that the case had been on the calendar 6 times previously and that plaintiff should be ready to pick a jury and proceed to trial on Monday, September 10, 1962. Defendant’s counsel then advised Mr. Stark that the defendant was ready and that plaintiff should be ready to go to trial on September 10 as directed by the court.
That on September 10, 1962, Mr. Bendes, another member of the firm of attorneys for the plaintiff, appeared at Trial Term, Part I, to answer the calendar and he submitted another affidavit stating that Mr. Polstein, plaintiff’s trial counsel, was actually engaged in trial. The court directed that the case be marked “ ready subject ” and stated that the action would be tried the following day, September 11,1962. Mr. Adler, defendant’s trial counsel, then told Mr. Bendes that the defendant was ready and that plaintiff should be ready to go to trial as the court directed.
On September 10,1962, at about 5:30 p.m., Mr. Polstein called Mr. Adler and told him that he was still engaged in trial of the same case and that he had another case to try in New York County. Mr. Adler told Mr. Polstein that the court had stated that this action would go to trial on September 11, 1962, but Mr. Polstein then stated that he was not prepared to go to trial *105 and he would allow the case to be dismissed and that no attorney would appear in court on September 11,1962, and that he would have a service answer the calendar.
On September 11, 1962, this action was No. 2 on the calendar. Defendant answered that it was ready. No attorney appeared for plaintiff nor was any affidavit submitted. A service answered for the plaintiff. The court stated that the action had been on the calendar six times previously, that plaintiff did not have an attorney in court, and dismissed the action. A judgment of dismissal was thereafter entered.
In the light of the foregoing facts this court is of the opinion that the dismissal suffered by the plaintiff was a deliberate default and occurred after the case had been on the Ready Day Calendar seven times in a period of more than a year after the plaintiff claimed a preference.
This court is of the opinion that plaintiff’s motion papers are entirely lacking of any showing from which this court can ascertain that plaintiff has meritorious causes of action herein. Indeed, the contrary is true.
Plaintiff sues to recover damages for breach of an alleged truck rental agreement and alleges that defendant leased from it certain tractors and trailers which it agreed to return in good condition, and that they were not so returned but were damaged through the negligence of defendant’s employees.
It appears that in a prior action between these same parties (in which plaintiff herein was defendant) the plaintiff set forth an affirmative defense in the amended answer, verified by Bernard Goldner, president of the plaintiff, that the parties had entered into an illegal agreement designed to circumvent the Interstate Commerce Act and the Regulations of the Interstate Commerce Commission and that the written agreement of April 1, 1956, was merely a cloak for the illegal contract. The full text of that defense is set forth at page 10 of the answering affidavit on this motion.
It thus affirmatively appears that the contract sued upon in the case at bar was not an agreement at all but merely a cloak for an illegal agreement between the parties, and obviously there can be no merit to any action based upon an alleged agreement which plaintiff has admitted in a verified pleading is not an agreement at all but a cloak for an illegal agreement.
It seems to be settled law that a dismissal suffered under the circumstances disclosed by the papers herein should not be vacated without a showing by the plaintiff of (1) a reasonable excuse for such dismissal and (2) a showing that it has meritorious causes of action.
*106 In Litwin v. Grand Cent. Apts. (14 A D 2d 913 [2d Dept.]), the Appellate Division reversed an order granting a motion to open a default and stated at pages 913-914: ‘ ‘ By motion returnable November 28, I960, plaintiffs moved to vacate their default and to restore the action to the calendar. It is incumbent upon the movant to show a meritorious cause of action and a reasonable excuse for the delay (Walsh v. Ben Riley’s Arrowhead Inn, 2 A D 2d 714; Rules App. Div. [2d Dept.], Special Rule, as amd. eff. Nov. 18, 1957; of. Nassau County Supreme Court Rules, rule 2, subd. [e]), which, in our opinion, the movant failed to establish. Under such circumstances, the granting of the motion was an improvident exercise of discretion.” (Emphasis supplied.) See, also, Fischer v. Tushnett (256 App. Div. 833 [2d Dept.]).
Examination of the moving papers and the answering affidavit clearly demonstrates that there was no reasonable excuse for the dismissal of this action.
Plaintiff served a note of issue for the June 1961 Term and claimed and received a preference under rule VI of the rules of this court; the action was on the Ready Day Calendar on six occasions in the period from September, 1961 until -June, 1962, and at no time throughout this entire period was plaintiff ready to proceed to trial. Only one adjournment was sought by defendant when it retained trial counsel, and defendant’s trial counsel sought to try this case before the Summer recess, but plaintiff’s trial counsel continued to seek adjournments.
Furthermore, plaintiff’s trial counsel agreed to try the case when it was on the calendar for April 23, 1962, which is confirmed by a letter written on March 14, 1962, a copy of which is annexed to the answering affidavit as Exhibit 2, and when this ease was adjourned from April 23,1962, to June 12,1962, it was upon the distinct understanding that it would be tried at the first available date in September, 1962. On June 12, 1962, the case was set down for September 7, 1962, to pick a jury and plaintiff’s counsel then agreed that the action would be tried at that time.
It is evident to this court that Mr. Polstein accepted other trial engagements long after he knew that this case would be reached for trial on September 7, 1962, and that therefore his trial engagement in New York County was not a reasonable excuse for failure to proceed to trial as directed by the court.
From all that transpired on September 7, September 10 and September 11,1962, it is apparent that plaintiff was not prepared and refused to go to trial in the case at bar. Defendant had prepared its case and had served subpoenas on 15 witnesses and *107 had other witnesses available and had prepared and served a notice to produce. Defendant had gone to considerable expense and effort to prepare this case for trial. This is an old case, commenced in March, 1958 and was on the Ready Day Calendar for more than one year. To say that plaintiff had ample opportunity to prepare for trial during that period would be an understatement. At the very end, when the case had been on the Ready Day Calendar seven times, plaintiff’s attorneys were not prepared to go to trial and the conclusion is inescapable that the default was deliberate.
Drastic as the dismissal may seem, the underlying facts may be gathered from the over-all picture presented by the papers submitted on this motion from which there appears to be no doubt that plaintiff’s counsel was more interested in trying other cases than the one at bar.
This conclusion seems obvious to this court when it is noted that nowhere in the moving papers is there any indication that plaintiff’s counsel made an effort with the attorneys in the cases he was to try in New York County to arrange for the postponement of those eases so that he could proceed to trial in the ease at bar, which had been on the Day Calendar and ready to be tried by the defendant for six prior times before he undertook the trial of the case in New York County. To say that the attorneys in the New York County case would have declined to co-operate with Mr. Polstein so as to enable him to go to trial in the case at bar would be an unreasonable reflection upon the courtesy those attorneys would extend to Mr. Polstein,
Furthermore, there is no showing that Mr, Polstein even made any reasonable effort before the court in New York County to be relieved from proceeding to trial in that case so that he could go to trial in the case at bar; no showing that he ever submitted an affidavit to the New York County Court explaining the factual situation which made it imperative that he proceed to trial in the case at bar.
True it is that an attorney cannot be in two courts at the same time. However, it is also true that such an attorney can endeavor to make every reasonable effort to avoid such a situation. Mr, Polstein, from what appears in the moving papers, made no such effort. It is reasonable to assume that had he made the effort, the New York County Court would have been understanding and considerate and would have permitted him to proceed in the case at bar first.
The failure of Mr, Polstein to demonstrate that he made such an effort appears to be a glaring lack of good faith on his part and lends convincing implication to the suggestion that *108 he preferred to proceed to trial in the New York County case and was not ready or willing to proceed to trial in the case at bar, in utter disregard of the fact that defendant was ready and had subpcened 15 witnesses for trial on September 10 and September 11, 1962. To this court it is evident that Mr. Polstein’s failure to proceed to trial was a deliberate maneuver to impede the trial of the case at bar and to inconvenience the defendant, its counsel and the witnesses.
It is all well and good to plead that a litigant should have his day in court. But such a plea loses its force and effect when, as here, the facts clearly show that plaintiff was afforded every reasonable opportunity to have its day in court. It was represented by a firm of three lawyers, two of whom appeared in court on different days to answer the calendar by seeking to obtain further adjournments and thus unduly delay the trial of the case at bar. Surely, plaintiff was aware of the fact that this case had been on the Ready Day Calendar for an unduly number of times in the course of a period of more than one year, and that Mr. Polstein was seeking postponements on every occasion. In such circumstances, plaintiff certainly was afforded reasonable opportunity to supplant Mr. Polstein by engaging other trial counsel and proceed to trial long before the case was reached for trial on September 10 and September 11, 1962.
In view of our congested court calendars, and the fact that jurymen and witnesses are called from their work to attend and participate in the trial of the cases on the calendars, it is readily understandable that the Justice presiding at Trial Term, Part I, has the duty to assign cases for trial to the various trial parts as expeditiously as possible in an effort to conserve the time of the jurymen and witnesses and to relieve calendar congestion as much as possible.
In the case at bar, the facts involving the failure of plaintiff to proceed to trial glaringly demonstrate an arrogant disregard for the rights of the defendant and the time and convenience of the court, jurymen and witnesses, and clearly indicate that there is no justifiable reason for exercising any favorable consideration for the dismissal deliberately suffered in this case.
If the calendar rules of this court are to be given any effect so that the trial parts of this court may pursue their orderly functions, tactics employed by plaintiff’s trial counsel in the case at bar cannot be condoned or excused. It must be observed that the Justices presiding at Trial Term, Part I, during the six prior times that this cause appeared on the calendar for trial, were more than tolerant and considerate before the unwarranted conduct of plaintiff’s trial counsel in seeking to further unduly *109 delay the trial of this action, and impelled the Justice presiding on September 11,1962, to dismiss the action.
In connection with the plaintiff’s second amended complaint as to the claim of negligence on the part of the defendant, it is evident that the plaintiff, in its moving papers, has wholly failed to set forth any facts from which the court can determine whether the defendant and its employees were negligent.
The court notes that in this action a decision was rendered by Mr. Justice Pette granting defendant’s motion to dismiss the complaint “ for failure to state facts sufficient to constitute the causes of action for failure to allege any act of negligence on the part of defendant.” (Mt. Sinai Hosp. v. Davis, 8 AD 2d 361, 362; Friedman v. Salvati, 11 A D 2d 104.)
In view of the fact that there is no affidavit demonstrating that plaintiff has meritorious causes of action herein, and that it appears that plaintiff has admitted that the agreement it relies upon was illegal, this court is inclined to suspect that the underlying reason for the failure of counsel to proceed to trial was induced by his desire to postpone this unmeritorious cause so that he could try the New York County case that perhaps had merit and a reasonable probability of success.
Plaintiff, by its president, submits an affidavit on this motion containing the conclusory statement: “I have discussed the facts and law of my causes of action with my trial counsel and have been advised, and verily believe, that plaintiff has a good and meritorious cause of action. ’ ’ There can be no doubt that the quoted statements are wholly insufficient to constitute a showing of meritorious causes of action. The authorities are clear that the party seeking to open a default must set forth facts from which the court can determine whether there are meritorious causes of action. (7 Carmody-Wait, New York Practice, pp. 419-420; also, see, Heischober v. Polishook, 152 App. Div. 193 [2d Dept.]; Manzi v. Central N. Y. Wire Corp., 15 Misc 2d 248; Fitzgerald Mfg. Co. v. Alexander, 200 App. Div. 164.)
That there is no merit to plaintiff’s causes of action herein is further evidenced by the admission of Bernard Goldner in the affirmative defense plaintiff interposed in a prior action between the parties herein in which the present defendant was the plaintiff and the present plaintiff was the defendant. That admission is set forth in the defendant’s answering affidavit in opposition to the instant motion, and reads as follows:
4. That in the event that defendant is indebted in any sum to the plaintiff herein, such indebtedness arose as an incident to a sub-rosa contract which contract is illegal in that it provided for payment to defendant who has no T.C.C. rights, for interstate trucking services on a district-tonnage basis which *110 basis is in violation of federal law and the regulations of the Inter-state Commerce Commission.
5. That the sub-rosa illegal contract aforesaid was willfully and deliberately, designed and drafted by plaintiff herein, to evade and avoid the laws and regulations aforesaid and was entered into between the parties simultaneously with an agreement of lease dated April 1, 1956 which agreements lawful by its terms was designated to serve as a cloak for the illegal contract aforesaid.
That the agreement of lease dated April 1, 1956, referred to in the foregoing quotation, is the same agreement of lease upon which plaintiff bases its action in the instant case.
The law is well settled that an admission by a party in a verified pleading is admissible in evidence. (Reed v. McCord, 160 N. Y. 330 and cases cited; Kelly v. St. Michael’s Roman Catholic Church, 148 App. Div. 767 [2d Dept.] and case cited.)
Each of the causes of action in the case at bar rests entirely upon this alleged lease agreement, admittedly illegal. And the courts have uniformly held that there can be no recovery on a contract entered into to cover the violation of a regulatory statute. (Flegenheimer v. Brogan, 284 N. Y. 268; Carmine v. Murphy, 285 N. Y. 413; Dunn v. Dunn, 1 A D 2d 888 [2d Dept].)
In view of this court’s conclusion that there is no showing in the moving papers that plaintiff has meritorious causes of action herein, but on the contrary it appears that there is no merit to its action and that a trial would be an idle ceremony, and considering that in this court’s opinion the failure on the part of plaintiff’s trial counsel to proceed to trial was deliberate and inexcusable, this court is constrained to deny the plaintiff’s motion to vacate the dismissal of the complaint and judgment of dismissal entered herein.